DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas imposing a sentence for appellant's violation of the conditions of community control. Because we conclude that the trial court did not originally indicate the specific sentence which would be imposed upon appellant for violation of his community control conditions, we reverse.
 {¶ 2} Appellant, Raymond Bond, pled no contest and was found guilty of attempted possession of cocaine, a violation of R.C. 2923.02 and R.C.2925.11(A) and (C)(4)(b). He was sentenced in December 2002 to community control with conditions. In February 2004, the court found that appellant violated those conditions and, as a result, imposed on him a 12 month prison term.
 {¶ 3} Appellant now appeals that judgment, setting forth the following three assignments of error:
 {¶ 4} "Assignment of Error Number One
 {¶ 5} "The trial court erred in imposing the maximum sentence on Mr. Bond.
 {¶ 6} "Assignment of Error Number Two
 {¶ 7} "The trial court erred in imposing other than the minimum prison sentence.
 {¶ 8} "Assignment of Error Number Three
 {¶ 9} "The trial court erred in imposing a prison sanction on defendant for community control violation without providing proper notice at the original sentencing."
 {¶ 10} We will address appellant's third assignment of error first in which he argues that a prison term could not be imposed because, at the original sentencing in December 2002, he did not receive proper notice of the specific sentence which could be imposed for a violation of the conditions of his community control.
 {¶ 11} "Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, paragraph two of the syllabus. Therefore, when an offender who violates conditions of community control has not received proper notice of sentence pursuant to Brooks, the trial court may not impose a prison term for those violations, but must choose one of the alternatives under R.C.2929.15(B), i.e., imposing a longer time under the same sanction or imposing a more restrictive sanction. Id. at ¶ 33, fn2.
 {¶ 12} In this case, as the state concedes, at the time of the original sentencing, the trial court did not notify appellant of the specific sentence he could receive if he violated the conditions of his community control. Rather, the court stated that "any violation of this sentence may lead to a longer or more restrictive sanction * * * up to [and] including a prison term of 12 months in prison." Consequently, the trial court's original sentence did not comply with the specific notice requirements of Brooks and the court erred in sentencing Bond to a prison term for community control violations.
 {¶ 13} Accordingly, appellant's third assignment of error is well-taken. The remaining two assignments of error are moot.
 {¶ 14} The judgment of the Lucas County Court of Common Pleas is reversed and remanded for resentencing in accordance with this decision. Court costs of this appeal are assessed to appellee.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J., Concur.