DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas, following a no contest plea, in which the trial court found appellee, John Robert Moore, IV, guilty of one count of abduction, sentenced him to three years of community control, and ordered him to pay restitution to the victim along with a $5,000 fine. Appellant, the state of Ohio, sets forth the following two assignments of error:
 {¶ 2} "I. The sentence imposed by the lower court constitutes an abuse of discretion.
 {¶ 3} "II. The trial court's imposition of sentence is contrary to law."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. On April 19, 2003, a sexual encounter occurred between appellee and a female acquaintance at a private residence on Catawba Island. While it is undisputed that mutually consensual sexual conduct occurred at the outset, the issue of whether or not the encounter remained consensual is in dispute. Thirty-six hours after the encounter, the woman sought treatment at a local hospital emergency room. The incident was later reported to local authorities as a possible rape.
 {¶ 5} On July 23, 2003, the Ottawa County Grand Jury indicted appellee on one count of rape, in violation of R.C. 2907.02(A)(2), and one count of abduction, in violation of R.C. 2905.02(A)(2). On February 3, 2004, appellee executed a written plea of no contest to the charge of abduction. On May 21, 2004, a sentencing hearing was held. Before the proceedings began, appellee made a motion to withdraw his plea, which the state opposed. The motion was then denied by the trial court, and the sentencing hearing commenced.
 {¶ 6} Initially, a statement prepared by defense counsel and numerous letters from other individuals were submitted on appellee's behalf. At the trial court's request, defense counsel listed factors which mitigated against sending appellee to prison. Specifically, counsel stated appellee is not a repeat or dangerous offender, he has no prior criminal history, other than a misdemeanor charge arising out of a domestic dispute, and he did not threaten the victim with serious bodily harm. Defense counsel also stated "the circumstances in this case are not likely to reoccur" and appellee feels genuine remorse for his actions. Counsel asked the trial court to impose community control instead of a prison sentence.
 {¶ 7} The state presented statements by the victim and her parents.
 {¶ 8} The victim stated, as a result of the incident, she has experienced fear, depression and guilt, causing her to take medication and seek psychological counseling. The victim further stated, after hearing her version of the events and viewing her physical injuries, that personnel at the hospital emergency room and local law enforcement officials told her she had been raped. The victim's parents spoke concerning the trauma their daughter and her children have experienced as a result of the "rape." All three individuals indicated that appellee would not be appropriately punished if he was not sentenced to prison.
 {¶ 9} After hearing the above statements, the trial court speculated the victim and her family did not appear to be satisfied with the plea agreement because it did not include an admission to the rape charge. Defense counsel argued, if the plea was not withdrawn, the trial court could be prejudiced against appellee, based on statements made at the sentencing hearing regarding the dismissed rape charge. At that point a short recess was taken, after which appellee renewed his motion to withdraw the plea. In response, the prosecutor, after speaking with the victim and her family, stated she was convinced they "do not want to allow [appellee] to withdraw his plea." Ultimately, the motion to withdraw appellee's plea was denied.
 {¶ 10} Rev. Robert E. Butcher was allowed to make a statement on appellee's behalf. Appellee then made a statement, in which he told the trial court that, since the incident, he has become depressed and is unable to sleep. Appellee further indicated he would like to stay out of prison so he could care for his children.
 {¶ 11} At the close of the sentencing hearing, the trial court sentenced appellee to serve three years of community control, ordered him to pay a fine of $5,000 and make restitution to the victim. On June 25, 2004, a judgment entry was filed which included the above sentence and ordered appellee to pay restitution in the amount of $3,820.35. The rape charge was dismissed. It is from that judgment the state filed a timely notice of appeal.
 {¶ 12} The state asserts in its first assignment of error the trial court abused its discretion by sentencing appellee to community control instead of ordering him to serve a prison term. In support, the state argues the trial court made statements during the sentencing hearing that indicate bias in favor of appellee.
 {¶ 13} We note at the outset the overriding purpose of the felony sentencing statutes is to "protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). Accordingly, the trial court's sentence should be reasonably calculated to achieve these purposes, mindful of the seriousness of the offender's conduct, its impact upon the victim, and consistent with other sentences imposed for similar conduct. R.C. 2929.11(B).
 {¶ 14} Pursuant to R.C. 2929.12(A), the trial court has discretion in determining "the most effective way to comply with the principles and purposes of sentencing set forth in section R.C. 2929.11 * * *." "The term abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} Appellee was convicted of one count of abduction in violation of R.C. 2905.02(A)(2), a third degree felony, for which the trial court may elect to impose a sentence ranging from community control, up to five years in prison. R.C. 2929.14(A)(3). Pursuant to 2929.13(C), in sentencing an offender for a third degree felony, there is no presumption a prison term, as opposed to community control, is necessary to comply with the principles and purposes of sentencing set forth in R.C. 2929.11.
 {¶ 16} A thorough review of the transcript of the sentencing hearing reveals the trial court's concern with fairness throughout the proceedings. Although appellee was allowed to submit letters and a statement on his own behalf, the trial court refused appellee's request to prevent the victim and her family from speaking at the sentencing hearing. In addition, although the trial court stated the circumstances were somewhat "amorphous," the court also stated it was "trying to be fair and objective in an emotionally-charged situation."
 {¶ 17} This court has reviewed the entire record in this case and, upon consideration thereof, we cannot say that the sentence imposed by the trial court was arbitrary, unreasonable or unconscionable. Accordingly, the trial court did not abuse its discretion, and the state's first assignment of error is not well-taken.
 {¶ 18} The state asserts in its second assignment of error that appellee's sentence is contrary to law. In support thereof, the state argues the trial court erred by: (1) failing to state it considered the dismissed rape charge in sentencing appellee; (2) mitigating appellee's sentence based on the fact, initially, there was consensual sexual contact between appellee and the victim; and (3) sentencing appellee to a term of community control without specifying what prison term appellee would have to serve if he violated community control.
 {¶ 19} As to the state's first argument, this court has held, in sentencing an offender, the trial court may consider other arrests that did not result in criminal conviction. State v. Pitts (June 30, 1999), 6th Dist. No. L-98-1203. However, such a consideration is not required.
In addition, the state has not cited any statutory provision requiring the trial court to consider additional crimes with which an offender is charged, but not ultimately convicted, before sentencing the offender. Accordingly, the state's first argument is without merit.
 {¶ 20} As to the state's second argument, we note, in making the mandatory determinations pursuant to R.C. 2929.12, the trial court is not required to use specific language or make specific findings. State v.Arnett (2000), 88 Ohio St.3d 208, 215. In fact, a trial judge may satisfy his or her duty under R.C. 2929.12 with nothing more than a rote recitation that the applicable factors were considered. Id.
 {¶ 21} After reviewing the entire record in this case, we acknowledge that the trial court erroneously concluded that "the victim induced or facilitated the offense."[1] However, we disagree with the state's assertion that the trial court based appellant's sentence solely on the fact the victim initially consented to a sexual encounter with appellee.
 {¶ 22} The trial court stated at the sentencing hearing and in the judgment entry of sentencing, it had considered the principles and purposes of sentencing pursuant to R.C. 2929.11, and balanced the seriousness and recidivism factors as required by R.C. 2929.12. The court stated the factor making the offense more serious was that the victim suffered economic and psychological harm. The trial court found the offense was less serious because "there are substantial grounds to mitigate the offender's conduct." Finally, the trial court stated the factors making recidivism less likely in this case include appellee has "led a law-abiding life for a significant number of years; and [appellee] committed this offense under circumstances unlikely to recur."
 {¶ 23} Upon consideration of the foregoing, we find the trial court complied with the requirements of R.C. 2929.11, 2929.12 and Arnett,
supra, in fashioning appellee's sentence. Accordingly, because appellee's sentence was not based solely on the trial court's erroneous finding regarding the victim's conduct, the state's second argument is without merit.
 {¶ 24} Finally, the state argues that appellee's sentence is contrary to law because the trial court did not sentence him to a specific term of incarceration, as required by R.C. 2929.19(B)(5). In support, the state argues the failure to impose a contingent prison term deprives the court of the ability to send appellee to prison if he violates the terms of community control in the future.
 {¶ 25} R.C. 2929.19(B)(5) states, in relevant part:
 {¶ 26} "If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed * * * [t]he court shall notify the offender that, if the conditions of the sanction are violated, * * * the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, * * * pursuant to section2929.14 of the Revised Code." See, also, State v. Johnson, 6th Dist. No. L-04-1120, 2005-Ohio-319, ¶ 14, citing State v. Brooks,103 Ohio St.3d 134, 2004-Ohio-4746.
 {¶ 27} In this case, at the sentencing hearing, the trial court made the following statement to appellee:
 {¶ 28} "Do you understand that if you violate any of the conditions [for community control], there are various things that the Court can do? One is it can extend the time which you remain on community control. All right?
 {¶ 29} "Another is that it can bring you back in here and sentence you to time in jail. Do you understand that?"
 {¶ 30} After the above statements were made, the state asked the trial court to specify what prison term appellee would serve if he violated the terms of community control. Defense counsel responded the prison term did not have to be imposed until such time as a violation occurred. The trial court then stated: "Any violation of the community control sanctions will result in a serious thing, a serious sanction, at the very minimum it would be at least a year. You [appellee] have the possibility, you could go away for five years, all right?" The trial court did not impose a definite prison sentence, either at the sentencing hearing or in the judgment entry of sentencing.
 {¶ 31} This court has reviewed the entire record of the proceedings and finds that, although the trial court informed appellee that he could be sent to prison if he violated the terms of community control, it erred as a matter of law when it failed to impose a definite prison term that would apply in that instance, as required by R.C. 2929.19(B)(5). The state's second assignment of error is well-taken in part and not well-taken in part.
 {¶ 32} The judgment of the Ottawa County Court of Common Pleas is affirmed in part and reversed in part. The case is hereby remanded for imposition of a definite prison term as required by R.C. 2929.19(B)(5). Pursuant to App.R. 24, the costs of these proceedings are assessed equally to appellant and appellee.
Judgment affirmed, in part, and reversed, in part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J. Concur.
[1] See State v. Hines (Feb.25, 1977), 5th Dist. Nos. CA-634, CA-639 (The concept of mitigation, used in the context of lessening the crime at sentencing, does not include the victim's lawful conduct "even though it might be analyzed as having `induced' or `facilitated' the offense." Id.).