JOURNAL ENTRY AND OPINION
{¶ 1} Appellant-Defendant Giuseppe Rabasi appeals from his sentence for a domestic violence felony in the fourth degree. For the reasons set forth below, we affirm.
 {¶ 2} The events that gave rise to these charges occurred on August 1, 2004, when a physical altercation arose between the Appellant and his live-in girlfriend. During this altercation, Appellant yelled at the victim, bit her on the upper back and face, and pinned her down. The victim fled from the Appellant to a bathroom where the Appellant followed and threatened more physical harm. In response, the victim exited their home to her vehicle and telephoned the police. The officers arrived at the scene and observed redness to the victim's back and face.
 {¶ 3} As a result of this incident, the State charged Appellant with a fourth degree felony for domestic violence in violation of R.C. 2919.25. The indictment contained a furthermore specification that Appellant, on July 15, 2004, in Parma Municipal Court, Case No. 04-CRB-02317, was convicted of the crime of domestic violence. Therefore, the crime was elevated to a fourth degree felony. Appellant pled guilty to the indictment and requested a presentence investigation.
 {¶ 4} After a sentencing hearing on December 14, 2004, the trial court found that Appellant was not amenable to community control sanctions. The trial court further determined that the minimum sentence would demean the seriousness of the offense and not adequately protect the public. The court sentenced the Appellant to 17 months at the Lorain Correctional Institution.
 {¶ 5} Appellant now appeals and assigns three errors for our review.
 {¶ 6} Appellant's first assignment of error states:
 {¶ 7} "THE TRIAL COURT ERRED IN IMPOSING A PRISON SENTENCE UPON DEFENDANT-APPELLANT IN THAT ITS FINDING THAT HE WAS NOT AMENABLE TO AN AVAILABLE COMMUNITY CONTROL SANCTION WAS BASED ON A CONSIDERATION OF IMPROPER FACTORS, A FAILURE TO CONSIDER RELEVANT FACTORS, AND UNSUPPORTED BY SUBSTANTIAL EVIDENCE IN THE RECORD, RENDERING THE SENTENCE CONTRARY TO LAW."
 {¶ 8} The Appellant contends that he was entitled to community control sanctions as opposed to the seventeen 17-month sentence that the trial court imposed. The structure of Ohio felony sentencing law provides that the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.12,2929.13, and 2929.14, determine a particular sentence. State v. Martin,136 Ohio App.3d 355, 362, 1999-Ohio-814, 736 N.E.2d 907. Compliance with the aforementioned sentencing statutes is required and a sentence unsupported by the requisite findings is both incomplete and invalid. Id. Accordingly, the trial court must state for the record its statutorily mandated findings, and additionally, give reasons for such its findings. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 472, paragraph one and two of the syllabus.
 {¶ 9} An appellate court may modify a trial court's sentence only if it clearly and convincingly determines that the record does not support the court's findings, or that the sentence is contrary to the law. R.C.2953.08(G)(2). See, also, Martin, 136 Ohio App.3d at 361. "Clear and convincing evidence is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Ohio State BarAssn. v. Reid (1999), 85 Ohio St.3d 327, 708 N.E.2d 193, citing Cross v.Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus. An appellate court, however, should not merely substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims." State v. Jones,93 Ohio St.3d 391, 400, 2001-Ohio-1341, 754 N.E.2d 1252.
 {¶ 10} In accordance with R.C. 2929.13(B)(2)(a), when sentencing a defendant for a fourth or fifth degree non-drug felony, the trial court must impose a term of imprisonment if it determines: (1) that one or more of the nine factors listed in R.C. 2929.13(B)(1)(a)-(i) applies to a defendant; and (2) after considering the seriousness and recidivism factors enumerated in R.C. 2929.12, that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11; and (3) that the offender is not amenable to community control sanctions.
 {¶ 11} Conversely, pursuant to R.C. 2929.13(B)(2)(b), the trial court must sentence the defendant to community control sanctions for a fourth or fifth degree felony if it: (1) does not find the existence of one or more of the nine factors listed in R.C. 2929.13(B)(1)(a)-(i); and (2) determines, after considering the seriousness and recidivism factors enumerated in R.C. 2929.12, that community control sanctions are consistent with the purposes and principles set forth in R.C. 2929.11.
 {¶ 12} Furthermore, pursuant to R.C. 2929.19 (B)(2)(a) a trial court must state its reasons on the record for imposing a prison term, whether based upon R.C. 2929.13(B)(2)(a) or upon R.C. 2929.11 and 2929.12, for a felony of the fourth or fifth degree. See, also, State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110, 715 N.E.2d 131.
 {¶ 13} In the instant action, it is clear from the record that the trial court appropriately considered the factors contained in R.C.2929.13(B)(1) in determining that Appellant was not amenable to community control sanctions. The trial court found that the first factor listed in R.C. 2929.13(B)(1), which states "In committing the offense, the offender caused physical harm to a person[,]" applied to the Appellant. When Appellant pled guilty to this offense, he admitted to "knowingly caus[ing] or attempt[ing] to cause physical harm to a family or household member." R.C. 2919.25(A). The court further noted that, during the time of this offense, the Appellant was on probation to the Rocky River Municipal Court for a "physical control" offense and to the Parma Municipal Court for a previous domestic violence crime, which enhanced this offense to a felony. Accordingly, the trial court found that not one, but two of the factors listed in R.C. 2929.13(B)(1) applied to the Appellant.
 {¶ 14} Next, the trial court considered the factors enumerated in R.C. 2929.12. The court discussed Appellant's previous criminal record and high likelihood of recidivism. The trial court also considered whether a prison term was consistent with R.C. 2929.11 and specifically stated that community control sanctions would demean the seriousness of the offender's conduct and would not protect the public from future crime by the Appellant.
 {¶ 15} Finally, the trial court discussed Appellant's amenability to community control sanctions. The court expressly noted that Appellant was granted probation and "within one month was back before the Court having committed another domestic violence against the same person." Therefore, we find that the trial court appropriately analyzed and abided by the sentencing mandates prior to imposing a prison sentence. Appellant's first assignment of error is without merit.
 {¶ 16} Appellant's second assignment of error states:
 {¶ 17} "THE TRIAL COURT ERRED IN IMPOSING MORE THAN THE MINIMUM PRISON TERM AUTHORIZED FOR THE OFFENSE IN THAT THE COURT'S FINDINGS THAT THE SHORTEST PRISON TERM WOULD DEMEAN THE SERIOUSNESS OF DEFENDANT-APPELLANT'S CONDUCT AND NOT ADEQUATELY PROTECT THE PUBLIC FROM FUTURE CRIME WAS BASED ON A CONSIDERATION OF IMPROPER FACTORS, A FAILURE TO CONSIDER RELEVANT FACTORS, AND UNSUPPORTED BY SUBSTANTIAL EVIDENCE IN THE RECORD, RENDERING THE SENTENCE CONTRARY TO LAW."
 {¶ 18} We note that under the sentencing procedures enacted as part of Senate Bill 2, an appellate court cannot reduce, modify or vacate the defendant's sentence unless it finds the trial court's decision is clearly and convincingly unsupported by the record and/or contrary to law. R.C. 2953.08; State v. Parker (Jan. 19, 1999), Clermont App. No. CA 98-04-025; State v. Garcia (1998), 126 Ohio App.3d 485, 710 N.E.2d 783;State v. Donnelly (Dec. 30, 1998), Clermont App. No. CA98-05-034.
 {¶ 19} R.C. 2929.14(B) provides as follows:
 {¶ 20} "Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies: (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 21} (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender of others."
 {¶ 22} The Ohio Supreme Court has held that, "pursuant to R.C.2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings on the record at the sentencing hearing." State v. Comer, 99 Ohio St.3d 463,469, 2003-Ohio-4165, 793 N.E.2d 473. The trial court, however, is not required to give specific reasons for its findings pursuant to R.C.2929.14(B)(2). Id., citing State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110, 715 N.E.2d 131.
 {¶ 23} An offender convicted of a fourth degree felony may be sentenced to six to eighteen months in prison. R.C. 2929.14(A)(4). In sentencing Appellant to 17 months, the court found that the minimum sentence would demean the seriousness of the offender's conduct and would not adequately protect the public. While there is no requirement to give specific reasons for its findings, the trial court stated that Appellant deserved more than the minimum sentence because he had previously been convicted of a crime of domestic violence upon the same victim. The court also found that Appellant caused physical harm to another, which Appellant admitted to by pleading to the domestic violence charge in this case. Reviewing the findings and rationale given, the court made the requisite findings under R.C. 2929.14(B). Appellant's second assignment of error is without merit.
 {¶ 24} Appellant's third assignment of error states:
 {¶ 25} "THE 17 MONTH SENTENCE IMPOSED BY THE TRIAL COURT VIOLATED DEFENDANT'S RIGHT TO A JURY TRIAL IN VIOLATION OF THE Sixth AND FOURTEENTH
AMENDMENTS TO THE UNITED STATES CONSTITUTION IN THAT THE TRIAL COURT MADE FACTUAL FINDINGS WHICH WERE NEITHER ADMITTED BY THE DEFENDANT OR RENDERED BY A JURY, NOR DID THE DEFENDANT WAIVE HIS CONSTITUTIONAL RIGHT TO HAVE FACTS DETERMINED BY A JURY."
 {¶ 26} Appellant argues that the trial judge should not have imposed the nonminimum sentence without a jury making findings and relies onBlakely v. Washington (2004), 542 U.S. ___, 124 S. Ct. 2531, 159 L. Ed.2d 4003, in making this assertion. Blakely, however, is inapplicable to the instant action.
 {¶ 27} In Blakely, the defendant argued that the sentencing procedure deprived him of his federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence. The Supreme Court held that the statutory maximum is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. Blakely, supra, at 2537. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. Id.
 {¶ 28} While the Supreme Court in Blakely ruled that the Constitution barred judges from making factual findings that led to increased sentences, it carved out one exception: findings that related to prior offenses. Blakely, supra, at 2537. As the Court in Blakely iterated, "[t]his case requires the Court to apply the rule of Apprendi v. NewJersey, 530 U.S. 466, 490, 147 L. Ed.2d 435, 120 S.Ct. 2348, that, `[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" Blakely,
supra, at 2536 (emphasis added). In Apprendi, supra, the United States Supreme Court explained that "recidivism — is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." Almendarez-Torres v. United States (1998), 523 U.S. 224, 245,140 L. Ed.2d 350, 118 S.Ct. 1219.
 {¶ 29} In the instant action, the Appellant cannot dispute the existence of a prior conviction. Appellant admitted, by pleading guilty to this fourth degree felony, that he previously pled guilty to a fourth degree misdemeanor offense of domestic violence. Thus, because the Appellant in this case had a prior conviction, the trial court was within the bounds of law to sentence Appellant to a term of imprisonment beyond the minimum imposed by law. Appellant's third assignment of error is without merit.
 {¶ 30} The judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., concurs with attached concurring opinion Kilbane, J.,concurs with Majority Opinion and Concurs with separate concurringopinion
 CONCURRING OPINION