DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from sentencing of the Lucas County Court of Common Pleas after appellant entered an Alford plea to a charge of attempt to commit burglary, a felony of the fourth degree. In his single assignment of error, appellant asserts as follows:
 {¶ 2} "The trial court erred when it failed to comply with the statutory requirements delineated in R.C. § 2929.19."
 {¶ 3} In support thereof, appellant argues that the trial court wholly failed to comply with the statute governing felony sentencing hearings in accordance with State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, andState v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746. In his assignment of error, appellant does not claim that the trial court abused its discretion in imposing a community control sanction. Rather, appellant claims that the trial court erred by failing to give him all the statutorily mandated notifications at the sentencing hearing.
 {¶ 4} On October 27, 2003, at the sentencing hearing, the trial court noted that it had read the presentence investigation report. The trial court then listened to appellant's counsel's argument in mitigation, appellant's apology, and a victim impact statement. The trial court further noted that appellant or his spouse had recently purchased some real estate, and thus, "[appellant] probably doesn't want to complain too much about a thousand dollars in restitution." In sentencing appellant to three years of community control, the trial court stated as follows:
 {¶ 5} "Mr. Jones, I'm going to place you in community control for a period of three years on the condition that you, obviously, not have any firearms anywhere around you; that you undergo any treatment program, any mental health treatment program or continued treatment as ordered by your probation officer; you're going to perform 25 hours of community service; you're going to pay the costs of this action and the attorney fees and restitution in the amount of $1,127. I'm going to order the gun be destroyed, receipt filed with the Clerk's Office.
 {¶ 6} "Now Mr. Jones, if you don't follow the conditions of community control I will sentence you to 17 months in the state penitentiary. Do you understand that?"
 {¶ 7} R.C. 2929.19 provides:
 {¶ 8} "(B) (1) At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report made pursuant to section 2951.03 of the Revised Code or Criminal Rule 32.2, and any victim impact statement made pursuant to section 2947.051 [2947.05.1] of the Revised Code." (Emphasis added.)
 {¶ 9} It appears from a review of the transcript of the sentencing hearing that the trial court did consider those items outlined in R.C.2929.19(B)(1). The trial court acknowledged having read the presentence investigation report and listened to appellant's trial counsel's argument in mitigation, appellant's apology, and a victim impact statement.
 {¶ 10} In his brief, appellant also appears to contend that the trial court was required to state its R.C. 2929.12 seriousness and recidivism factors findings on the record at the sentencing hearing. Although R.C.2929.12 clearly states that the trial court "shall consider" the factors listed therein for felony sentencing, according to the language of R.C.2929.19(B)(2), making specific findings on the record at the sentencing hearing only is required when imposing a prison sentence for a fourth or fifth degree felony. R.C. 2929.19(B)(2)(a). See State v. Rabasi, 8th Dist. No. 85820, 2005-Ohio-3481 at ¶ 12. R.C. 2929.19(B)(2) lists the scenarios under which the trial court is required to "make a finding that gives its reasons for selecting the sentence imposed." None of those scenarios applies in the present case in which the trial court elected to impose community control sanctions for a fourth degree felony. Further, although appellant cites Comer, it is distinguishable from the present case. In Comer, the Supreme Court of Ohio held that pursuant to R.C.2929.14(E)(4) and R.C. 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing. Id. at paragraph one of the syllabus. The court further held that pursuant to R.C. 2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing. Id. at paragraph two of the syllabus. However, unlike Comer, the trial court in the present case was not imposing either consecutive sentences or a nonminimum sentence on a first offender. Further, we note that the trial court did state in its judgment entry that it had considered the principles and purposes of sentencing under R.C. 2929.11 and had balanced the seriousness and recidivism factors under R.C. 2929.12. Therefore, we find that the trial court complied with the mandates of R.C. 2929.12.
 {¶ 11} With regard to the notifications the trial court is required to give appellant at the sentencing hearing upon imposing a community control sanction, R.C. 2929.19(B)(5) provides:
 {¶ 12} "If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code."
 {¶ 13} In Brooks the Supreme Court of Ohio held that pursuant to R.C.2929.19(B)(5), a trial court sentencing an offender to a community control sanction is required to deliver the statutorily detailed notifications at the sentencing hearing. Brooks at ¶ 15. In particular,Brooks focused on the phrase in R.C. 2929.19(B)(5) that requires the court to "indicate the specific prison term that may be imposed as a sanction" for a violation of the conditions of the sanction. The court held: "Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, paragraph two of the syllabus. Thus, informing the offender of a range of possible terms does not meet the requirements of R.C. 2929.19(B)(5). SeeBrooks, ¶ 26-27; State v. Moore, 6th Dist. No. OT-04-034, 2005-Ohio-1579. In rejecting a substantial compliance interpretation in favor of a strict compliance view of R.C. 2929.19(B)(5), the court further emphasized the mandatory nature of the word "shall" in the statute. Brooks ¶ 24.
 {¶ 14} In the present case, when sentencing appellant to a community control sanction, the trial court complied with the mandates of R.C.2929.19(B)(5) and Brooks as it relates to notifying appellant of the "specific prison term" that may be imposed "if the conditions of the sanction are violated." However, the trial court failed to notify appellant that this specific prison term may also be imposed if he "commits a violation of any law," or if he "leaves this state without the permission of the court" or his probation officer. Under the strict compliance view of Brooks, this matter must be remanded for notification to appellant that the 17 month prison term may be imposed not only if the conditions of his community control sanction are violated, but also if he commits a violation of any law, or if he leaves this state without the permission of the court or his probation officer.
 {¶ 15} Based on the foregoing, appellant's assignment of error is found not well-taken to the extent that he claims that the trial court erred by failing to comply with the mandates of R.C. 2929.19(B)(1) and2929.12. However, appellant's assignment of error is found well-taken to the extent that he claims that the trial court failed to comply with all the notification requirements of R.C. 2929.19(B)(5). Accordingly, the judgment of the Lucas County Court of Common Pleas is affirmed in part and reversed in part. The case is hereby remanded for further notifications to appellant as outlined herein. Appellant and appellee are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment affirmed in part and reversed in part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Parish, J. concur.