DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the Lucas County Court of Common Pleas after the trial court found appellant guilty of the offense of failure to comply with an order or signal of a police officer, a violation of his community control, and sentenced appellant to a prison term of one year. Because we conclude that the trial court did not originally indicate the specific sentence which would be imposed upon appellant for violation of his community control conditions, we reverse.
 {¶ 2} In his single assignment of error, appellant asserts as follows:
 {¶ 3} "The trial court erred in imposing a prison sanction on defendant for community control violation without providing proper notice at the initial sentencing."
 {¶ 4} In support thereof, appellant argues that the trial court failed to comply with the statute governing felony sentencing hearings in accordance with State v. Brooks,103 Ohio St.3d 134, 2004-Ohio-4746. Appellant claims that at his initial sentencing to community control, the trial court erred by failing to indicate the specific prison term that could be imposed if he violated the conditions of community control. Therefore, appellant asserts that the trial court was precluded from subsequently sentencing him to a prison term upon his violation of community control.
 {¶ 5} On June 16, 2004, at the initial sentencing hearing when appellant was sentenced to community control for a fifth degree felony of nonsupport of dependents, the trial court stated as follows:
 {¶ 6} "* * * Finally, violation of this sentence may lead to a longer or more restrictive sanction for him, up to including a prison term of 12 months in prison."
 {¶ 7} On March 15, 2005, the trial court revoked appellant's community control and imposed the one year prison sentence for appellant's violation of the conditions of community control. Appellant appealed.
 {¶ 8} R.C. 2929.19(B)(5) provides:
 {¶ 9} "If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term thatmay be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code." (Emphasis added.)
 {¶ 10} Initially, we note that even though appellant's sentencing to community control in June 2004, was prior to the September 22, 2004 decision in Brooks, Brooks still applies to appellant's March 15, 2005 revocation of community control. There is no impermissible retroactive application of Brooks in this case. See State v. Hatfield, 164 Ohio App.3d 338,2005-Ohio-6259 at ¶ 11-12.
 {¶ 11} In Brooks the Supreme Court of Ohio held that pursuant to R.C. 2929.19(B)(5), a trial court sentencing an offender to a community control sanction is required to deliver the statutorily detailed notifications at the sentencing hearing.Brooks at ¶ 15. In particular, Brooks focused on the phrase in R.C. 2929.19(B)(5) that requires the court to "indicate the specific prison term that may be imposed as a sanction" for a violation of the conditions of the sanction. The court held: "Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." State v. Brooks,103 Ohio St.3d 134, 2004-Ohio-4746, paragraph two of the syllabus. In rejecting a substantial compliance interpretation in favor of a strict compliance view of R.C. 2929.19(B)(5), the court further emphasized the mandatory nature of the word "shall" in the statute. Brooks at ¶ 24. In analyzing what constitutes strict compliance, the court in Brooks found that notices that inform the offender that the trial court would impose "`up to' a certain number of months or years" or "a range that the prison term imposed would fall within" if community control conditions were violated "stray too far from the statutory text to constitute compliance." Id. at ¶ 26-27.
 {¶ 12} A week after Brooks was decided, we announced our decision in State v. Jaworski, 6th Dist. No. OT-03-047, 2004-Ohio-5242. In Jaworski, at the time that the appellant was placed on community control, the trial court advised him that if he violated the conditions, he could be sentenced "* * * to the penitentiary for a period of up to four years." Id. at ¶ 2. The appellant argued that the trial court was not specific enough to comply with R.C. 2929.19(B)(5). We disagreed. We did not cite or discuss Brooks at all but found that the trial court gave appellant notice of a specific prison term that could be imposed as a penalty for a community control violation. Id. at ¶ 11.
 {¶ 13} However, more recently, in State v. Johnson, 6th Dist. No. L-04-1120, 2005-Ohio-319, State v. Bond, 6th Dist. No. L-04-1107, 2005-Ohio-1213, and State v. Moore, 6th Dist. No. OT-04-034, 2005-Ohio-1579, we cited Brooks and found the notification by the trial court at the time of imposing community control did not comply with the specificity requirements of R.C.2929.19(B)(5) and we reversed and remanded these cases for resentencing. In Johnson, we noted the noncompliant sentencing language as follows:
 {¶ 14} "At appellant's original sentencing hearing, the common pleas court informed appellant that if he violated any of his community control sanctions, he would `probably find [himself] in prison, okay?' The court also stated: `If you violate any portion of the sentence [of community control with sanctions], it will lead to a longer and more restrictive sanction, including a prison term of 18 months.'" Id. at ¶ 15.
 {¶ 15} In Bond, we noted that the trial court stated:
 {¶ 16} "`any violation of this sentence may lead to a longer or more restrictive sanction * * * up to [and] including a prison term of 12 months in prison.'"
 {¶ 17} In Moore, we noted that the trial court stated:
 {¶ 18} "`Any violation of the community control sanctions will result in a serious thing, a serious sanction, at the very minimum it would be at least a year. You [appellee] have the possibility, you could go away for five years, all right?'"
 {¶ 19} Likewise, in the present case, we find that when sentencing appellant to a community control sanction, the trial court failed to comply with the mandates of R.C. 2929.19(B)(5) and Brooks as it relates to notifying appellant of the "specific prison term" that may be imposed if the conditions of community control are violated. The trial court's "up to including" notification was similar to the "up to" language rejected in Brooks, and the "up to [and] including" language we rejected in Bond. Under the strict compliance view of Brooks,
as we have applied in Johnson, Bond, and Moore, the prerequisite to imposing a prison term on appellant for his community control violation was not met.
 {¶ 20} Since we have found that the trial court erred at the initial sentencing, we now discuss the proper procedure on remand. In Brooks, the court noted the problems associated with remands in community control sentencing cases. Id. at ¶ 33. The court concluded that where an offender was not properly notified of the specific term that would be imposed, and the offender then appeals after a prison term is imposed under R.C. 2929.15(B), the matter must be remanded to the trial court for a resentencing under that provision with a prison term not an option. Id.; see, also, Johnson at ¶ 16. The Brooks court also noted that "the trial court at the R.C. 2929.15 sentencing must choose one of the other options under R.C. 2929.15(B) (imposing a longer time under the same sanction or imposing a more restrictive sanction)." Id. at fn. 2.
 {¶ 21} Based on the foregoing, appellant's assignment of error is found well-taken. Accordingly, the judgment of the Lucas County Court of Common Pleas is reversed. The case is hereby remanded for resentencing in accordance with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J. and Skow, J., concur.