DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Sandusky County Court of Common Pleas wherein appellant, Brent J. Lippert, was convicted of attempted burglary, burglary, theft and forgery. For the reasons that follow, we reverse the judgment of the trial court in part and we affirm the judgment of the trial court in part.
 {¶ 2} This appeal stems from three different lower court cases. In No. 01-CR1-14, on February 12, 2001, appellant was indicted on one count of burglary, one count of theft and seven counts of forgery. In No. 01-CR-333, on April 27, 2001, appellant was indicted on one count of burglary and two counts of theft. A plea hearing for the two cases was held on May 21, 2001. In No. 01-CR-114, appellant entered guilty pleas to one count of burglary, a third degree felony and one count of theft, a fifth degree felony. In No. 01-CR-333, appellant entered a guilty plea to one count of attempted burglary, a third degree felony. The court sentenced him to five years community control and ordered him to enter a substance abuse treatment program.
 {¶ 3} On July 5, 2003, appellant was charged with two counts of burglary and one count of receiving stolen property. (No. 03-CR-618). As a result, on July 7, 2003, a notice of community control violation was filed against appellant. The notice stated that appellant had violated the condition of community control requiring him to obey the law and the condition prohibiting illegal drug use. The notice stated that on July 6, 2003, appellant had submitted to a drug test which showed positive results for cocaine.
 {¶ 4} On August 19, 2003, in No. 03-CR-618, appellant was indicted on two counts of burglary, six counts of receiving stolen property and nine counts of forgery. On December 11, 2003, in No. 03-CR-618, appellant entered a no contest pleas to one count of burglary, a third degree felony, and one count of forgery, a fifth degree felony.
 {¶ 5} On September 14, 2004, a hearing was held wherein the court revoked appellant's community control in Nos. 01-CR-114 and 01-CR-333. In No. 01-CR-114, the court resentenced appellant to serve three years in prison for burglary and ten months for theft. The sentences were ordered to be served concurrently. In No. 01-CR-333, appellant was resentenced to serve three years in prison for attempted burglary. Said sentence was ordered to be served consecutively with the sentence imposed in No. 01C-R-114. In No. 03-CR-618, the court sentenced appellant to three years in prison for burglary and ten months in prison for forgery. The sentences were ordered to be served concurrently with each other but consecutive to the sentences imposed in Nos. 01-CR1-14 and 01-CR-333. Appellant now appeals setting forth the following assignments of error:
 {¶ 6} "I. Defendant was denied due process of law when the court accepted pleas of guilty from defendant without advising defendant as to the potential sentence.
 {¶ 7} "II. Defendant was denied due process of law when the court failed to advise defendant concerning post-release control at the time of his plea.
 {¶ 8} "III. Defendant was unconstitutionally sentenced to prison when the court did not set forth a specific prison sentence in the event defendant violated his terms of community control sanctions.
 {¶ 9} "IV. Defendant was denied due process of law when the court overruled defendant's motion to dismiss.
 {¶ 10} "V. Defendant was denied due process of law when the court sentenced defendant to consecutive terms of imprisonment without articulating any reason."
 {¶ 11} Appellant's first two assignments of error will be addressed together. They both concern the guilty pleas he entered in Nos. 01-CR-114 and 01-CR-333. Appellant contends that he was denied due process when the trial judge, in accepting his guilty pleas, failed to advise him of the potential maximum sentences he faced and the fact that if he went to prison he could be subject to post-release control.
 {¶ 12} Before accepting a guilty or no contest plea, Crim.R. 11(C)(2)(a) requires a trial court to engage in a colloquy with a criminal defendant and to inform him or her of, among other things, the maximum penalty involved. State v. Lamb,156 Ohio App.3d 128, 2004-Ohio-474 at ¶ 13. Post-release control is part of the offender's sentence. Id., R.C. 2929.14(F). The Supreme Court of Ohio, however, has required only substantial compliance with Crim.R. 11(C) with regard to nonconstitutional rights.State v. Stewart (1977), 51 Ohio St.2d 86, 93. The warning regarding the maximum possible sentence is considered a nonconstitutional right. State v. Yanez, 150 Ohio App.3d 510,2002-Ohio-7076 at ¶ 31, citing State v. Ballard (1981),66 Ohio St.2d 473, 475. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106, 108. Additionally, a defendant alleging that his plea was not knowingly, intelligently, and voluntarily made must show that his plea would not have otherwise been made in order to have the plea vacated. Id. The reviewing court should focus not on whether the trial court recited the words of Crim.R. 11(C), but rather on whether the record shows that "the trial court explained or referred to the right in a manner reasonably intelligible to that defendant." State v. Ballard, supra at 480.
 {¶ 13} In State v. Pitts, 159 Ohio App.3d 852,2005-Ohio-1389, this court held that the trial court did not substantially comply with Crim.R. 11 when the only reference to the potential maximum sentence defendant faced was in written plea form. This court reached a different result in State v.Bach, 6th Dist. No. L-04-1326, 2005-Ohio-4173. In Bach, the defendant verbally received incorrect information regarding the maximum penalty he faced. This court, however, found that the trial court had substantially complied with Crim.R. 11 because (1) the written plea agreement correctly recited the maximum sentence appellant faced and, more importantly, (2) at the plea hearing, the defendant was allowed to review the document with his attorney, and was questioned by the trial judge as to his understanding of that document. Thus, under the totality of the circumstances, we found substantial compliance.
 {¶ 14} In the present case, the trial judge made no mention of maximum sentences during his Crim.R.11 colloquy. While the written plea agreement contained in this record and signed by appellant correctly states the maximum penalties appellant faced, there is no evidence that the trial judge explained or referred to the maximum penalties in a manner reasonably intelligible to the defendant. As a reviewing court, we must be able to discern from the record some evidence that the trial judge adequately informed appellant of the maximum penalties he faced. Based on the foregoing, we find that substantial compliance with the mandates of Crim.R. 11(C)(2)(a) was not met in this case; thus, the trial court erroneously accepted appellant's guilty plea. Accordingly, we find that appellant's first and second assignments of error are well-taken.
 {¶ 15} In his third assignment of error, appellant contends that he was unconstitutionally sentenced to prison for violating his community control sanctions in Nos. 01-CR-114 and 01-CR-333 when the trial court did not state a specific prison sentence that would be imposed.
 {¶ 16} When a trial court sentences an offender to community control, it must notify the offender, at the time of sentencing, of the specific prison term that may be imposed for a community control violation, as a prerequisite to imposing a prison term on the offender for a subsequent violation. R.C. 2929.19(B)(5) and2929.15(B); State v. Brooks, 103 Ohio St.3d 134,2004-Ohio-4746, paragraph two of the syllabus. In making this finding, the Brooks court held that a trial judge, using straightforward and affirmative language, must "inform the offender at the sentencing hearing that the court will impose a definite term of imprisonment for a fixed number of months or years" if a community control sanction is violated. Id. at ¶ 19. An indefinite term, such as "up to 12 years," or a range of possible prison terms is insufficient. Id. In rejecting a substantial compliance interpretation in favor of a strict compliance view of R.C. 2929.19(B)(5), the court further emphasized the mandatory nature of the word "shall" in the statute. Brooks at ¶ 24. In analyzing what constitutes strict compliance, the court in Brooks found that notices that inform the offender that the trial court would impose "`up to' a certain number of months or years" or "a range that the prison term imposed would fall within" if community control conditions were violated "stray too far from the statutory text to constitute compliance." Id. at ¶ 26-27.
 {¶ 17} In applying Brooks, this court has rejected the following examples as being insufficiently specific. In State v.Johnson, 6th Dist. No. L-04-1120, 2005-Ohio-319, the court stated if the defendant violated any of his community control sanctions, he would "probably find [himself] in prison, okay?" The court also stated:
 {¶ 18} "If you violate any portion of the sentence [of community control with sanctions], it will lead to a longer and more restrictive sanction, including a prison term of 18 months."
 {¶ 19} In State v. Bond, 6th Dist. No. L-04-1107,2005-Ohio-1213, the trial court stated:
 {¶ 20} "any violation of this sentence may lead to a longer or more restrictive sanction * * * up to [and] including a prison term of 12 months in prison."
 {¶ 21} In State v. Moore, 6th Dist. No. OT-04-034,2005-Ohio-1579, the court stated:
 {¶ 22} "[A]ny violation of the community control sanctions will result in a serious thing, a serious sanction, at the very minimum it would be at least a year. You [appellee] have the possibility, you could go away for five years, all right?"
 {¶ 23} In this case, the trial judge advised appellant as follows:
 {¶ 24} "If you do violate the rules of community control you are facing sentences, third degree felonies carry a maximum penalty of five years. A felony of the fifth degree carries a maximum penalty of one year. So it would appear you've got — you are facing a total of seven years in prison if you violate the rules."
 {¶ 25} The trial judge in this case failed to affirmatively state a specific sentence. In fact, the trial judge's statement is inconsistent in that he describes a maximum sentence of six years but concludes that appellant is eligible for seven years. Under the strict compliance view of Brooks, as we have applied in Johnson, Bond, and Moore, the prerequisite to imposing a prison term on appellant for his community control violation was not met. Accordingly, appellant's third assignment of error is found well-taken.
 {¶ 26} Appellant's fourth assignment of error pertains to No. 03-CR-618. Appellant contends that the court erred in denying his motion to dismiss. Specifically, appellant contends his right to a speedy trial was violated.
 {¶ 27} R.C. 2945.71(C)(2) provides, in pertinent part:
 {¶ 28} "A person against whom a charge of felony is pending:
 {¶ 29} "(2) Shall be brought to trial within two hundred seventy days after the person's arrest."
 {¶ 30} In addition, under R.C. 2945.71(E), if a person is held in prison in lieu of bail, each day that person is incarcerated counts as three days toward the 270 day limit. Thus, when the triple count provision applies, a defendant must be brought to trial within 90 days. This time begins to accrue the day after the arrest. Crim.R. 45(A). If a defendant is not brought to trial within this period, R.C. 2945.73(B) mandates a defendant's discharge.
 {¶ 31} "When reviewing a speedy trial question, the appellate court must count the number of delays chargeable to each side and then determine whether the number of days not tolled exceeded the time limits under R.C. 2945.71." State v. Barnett, 12th Dist. No. CA2002-06-011, 2003-Ohio-2014. R.C. 2945.72 supplements R.C.2945.71, and tolls the length of time during which an accused felon must be brought to trial. R.C. 2945.72 relevantly provides:
 {¶ 32} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by:
 {¶ 33} "* * * {¶ 34} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;"
 {¶ 35} An accused's demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E).State v. Brown, 98 Ohio St.3d 121, 124, 2002-Ohio-7040, at ¶26. As the Ohio Supreme Court in Brown explained:
 {¶ 36} "Discovery requests by a defendant divert the attention of prosecutors from preparing their case for trial, thus necessitating delay. If no tolling is permitted, a defendant could attempt to cause a speedy trial violation by filing discovery requests just before trial. * * * Further, prosecutors could be forced to make hurried responses to discovery requests to avoid violating the speedy trial statute." Id. at ¶ 23.
 {¶ 37} Appellant was arrested and placed in custody on July 5, 2003. On September 17, 2003, appellant filed a demand for discovery. At that point, the speedy trial time tolled with 74 days having elapsed. Pursuant to R.C. 2945.71(E), appellant was credited with 222 days. The state filed a response to appellant's discovery demand on September 29, 2003. The speedy trial time began to run again. On October 10, 2003, appellant was released on his own recognizance. Appellant was now entitled to 39 days credit (13 days x 3). On October 14, 2003, appellant waived his speedy trial time. Appellant had earned four days credit for a total of 265 days for purposes of the speedy trial statute. Finding that appellant's right to a speedy trial was not violated, appellant's fourth assignment of error is found not well-taken.
 {¶ 38} In his fifth and final assignment of error, appellant contends that the court erred in imposing consecutive sentence without articulating reasons pursuant to R.C. 2929.14(E). Appellant's fifth assignment of error is found not well-taken on the authority of State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, paragraph three of the syllabus, wherein the Ohio Supreme Court stated:
 {¶ 39} "[T]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."
 {¶ 40} Accordingly, the judgment of the Sandusky County Court of Common Pleas is reversed as to Nos. 01-CR-114 and 01-CR-333 but affirmed as to the judgment in No. 03-CR-618. Appellant's pleas and sentences in Nos. 01-CR-114 and 01-CR-333 are hereby vacated, and the matters are remanded to said court for further proceedings consistent with this decision. Pursuant to App.R. 24, court costs of this proceeding are assessed to appellee. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT REVERSED, IN PART, AND AFFIRMED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Pietrykowski, J., Singer, P.J., Skow, J., concur.