[Cite as *State v. Black*, 2024-Ohio-5134.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                          Court of Appeals No.  OT-24-021

      Appellee                                      Trial Court No.  2021 CR 001

v.

 James D. Black                                **DECISION AND JUDGMENT**

      Appellant                                     Decided:  October 25, 2024

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney
And Thomas A. Matuszak, Assistant Prosecuting Attorney, for appellee.

Christopher Bazely, for appellant.

* * * * *

**MAYLE, J.**

**{¶ 1}** Appellant, James Black, appeals the April 19, 2024 judgment of the Ottawa County Court of Common Pleas sentencing him for a community control violation. Because the state concedes error under 6th Dist.Loc.App.R. 10(H), and we agree that the trial court erred, we reverse and remand for the limited purpose of allowing the trial court to properly notify Black under R.C. 2929.19(B)(2)(c).

**{¶ 2}** Black pleaded guilty to three counts of burglary in violation of R.C. 2911.12(A)(1), each a second-degree felony.  Initially, the trial court sentenced him to

three years of community control. Although the court advised Black of most of the provisions of R.C. 2929.19(B)(4) at the sentencing hearing, it neglected to tell him that he could not leave the state of Ohio without the permission of the court or his probation officer. This omission carried through to the court's sentencing entry.

{¶ 3} About a year later, the state filed a notice of community control violation because Black was charged with new crimes in another county. Black admitted to the violation.

{¶ 4} At the disposition hearing, the trial court sentenced Black to an indefinite prison term of six to nine years for each of his burglary convictions. It ordered him to serve the sentences concurrently for an aggregate sentence of six to nine years. Although the trial court imposed non-life indefinite prison terms for these felonies, it did not advise Black of the provisions of R.C. 2929.19(B)(2)(c) at the disposition hearing.

{¶ 5} In its sentencing entry, the trial court ordered Black to serve an indefinite sentence of six years to nine years for each burglary conviction and ordered him to serve his sentences concurrently. Again, despite imposing non-life indefinite prison terms, the court did not include the notifications from R.C. 2929.19(B)(2)(c).

{¶ 6} Black now appeals, raising two assignments of error:

I. THE TRIAL COURT ERRED WHEN IT IMPOSED A NON-LIFE INDEFINITE SENTENCE UPON BLACK WITHOUT ADVISING HIM OF HIS RIGHTS UNDER THE REGAN [sic] TOKES STATUTE.

2.

## II. THE TRIAL COURT ERRED IN THAT IT FAILED TO PROVIDE BLACK WITH ALL OF THE MANDATORY ADVISEMENTS UNDER R.C. 2929.19(B)(4) WHEN IT IMPOSED A SENTENCE OF COMMUNITY CONTROL.

{¶ 7} Regarding Black's first assignment of error, the state filed a notice of conceded error under 6th Dist.Loc.App.R. 10(H). It contends that we should find the first assignment of error well-taken and remand the case for resentencing, which moots Black's second assignment of error.

{¶ 8} When a trial court imposes a non-life indefinite prison term for a felony, R.C. 2929.19(B)(2)(c) requires the trial court to give the defendant five notifications about the "salient features of the Regan [sic] Tokes Law . . . ." *State v. Greene*, 2022-Ohio-4536, ¶ 7 (1st Dist.). The notifications in R.C. 2929.19(B)(2)(c) are mandatory, and a trial court errs if it fails to give the notifications at the sentencing hearing. *State v. Fenderson*, 2023-Ohio-2903, ¶ 77 (6th Dist.). The remedy for the trial court's error is remand for the limited purpose of allowing the trial court to provide the mandatory notifications. *Id.*

{¶ 9} Here, the trial court did not provide Black with the notifications in R.C. 2929.19(B)(2)(c), so we must remand this case for the limited purpose of allowing the court to provide the mandatory notifications. Therefore, we find that Black's first assignment of error is well-taken.

3.

{¶ 10} In his second assignment of error, Black argues that the trial court erred at his initial sentencing hearing by failing to provide all of the notifications required by R.C. 2929.19(B)(4) when it sentenced him to community control. Specifically, he points out that the court did not tell him that he would be subject to sanctions if he "leaves this state without the permission of the court or [his] probation officer . . . ." R.C. 2929.19(B)(4). Although the trial court omitted this notification, Black was not prejudiced by it, so the court's error was harmless.

{¶ 11} In *State v. Brooks*, 2004-Ohio-4746, paragraph one of the syllabus, the Ohio Supreme Court held that a trial court sentencing a defendant to a community control sanction is required to provide the notifications in R.C. 2929.19(B)(4) at the sentencing hearing.[1] *Brooks* involved the part of section (B)(4) that informs a defendant of the prison term they might face if they violate the terms of their community control, and the Supreme Court determined that only strict compliance would satisfy the statute in that scenario. *Id.* at ¶ 24. Since then, appellate courts have expanded the strict-compliance standard to the other notifications in R.C. 2929.19(B)(4) and have generally found reversible error when the trial court does not give the defendant each of the notifications in (B)(4) at the sentencing hearing when it imposes a community control sanction. *See, e.g., State v. Jones*, 2005-Ohio-5736, ¶ 14 (6th Dist.); *State v. Colburne*, 2015-Ohio-4348, ¶ 29 (9th Dist.); *but see State v. Curtis*, 2019-Ohio-499, ¶ 55 (7th Dist.) (trial court

---

[1] When *Brooks* was decided, the notifications were in R.C. 2929.19(B)(5).

4.

notification that included only specific potential prison term—without other notices—met the requirements of R.C. 2929.19(B)(4)).

{¶ 12} However, when the missing notification is something other than the specific prison term that the trial court could impose for a violation of the community control sanction, the court's failure to strictly comply with the provisions of R.C. 2929.19(B)(4) is harmless when the defendant is not prejudiced by the omission. *State v. Payne*, 2015-Ohio-5073, ¶ 24 (11th Dist.), *overruled on other grounds by State v. Thomas*, 2018-Ohio-1024, ¶ 20 (11th Dist.); *see also State v. Elliott*, 2023-Ohio-1459, ¶ 29 (1st Dist.). That is what happened here. The trial court did not tell Black that he could not leave the state of Ohio without permission from the court or his probation officer, but Black's community control violation was not for leaving the state; it was for violating the law, which the court warned Black about at his initial sentencing hearing. Nothing indicates that Black's behavior or the outcome of his case would have changed if the trial court had fully complied with R.C. 2929.19(B)(4), and we cannot find that the error prejudiced Black. Accordingly, Black's second assignment of error is not well-taken.

{¶ 13} Because the trial court failed to provide the notifications in R.C. 2929.19(B)(2)(c), the April 19, 2024 judgment of the Ottawa County Court of Common Pleas is affirmed in part and reversed in part. The case is remanded for the limited purpose of allowing the court to provide the required notifications. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

5.

Judgement affirmed, in part,<br>and reversed in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.   _____
              JUDGE
Christine E. Mayle, J.

          _____
Charles E. Sulek, P.J.      JUDGE
CONCUR.

          _____
              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.