JOURNAL ENTRY and OPINION
{¶ 1} Appellant Darshon Duncan filed a delayed appeal of the trial court's imposition of post-release control and its denial of his motion for a new trial. He assigns the following errors for our review:
"I. Post-release control pursuant to Sections 2967.28 and2967.11 of the Ohio Revised Code violates the appellant's right to a jury trial."
"II. The trial court erred and abused its discretion in denying defendant-appellant's motion for a new trial."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} The Cuyahoga County Grand Jury indicted Duncan for one count of rape and kidnapping. Duncan pled not guilty; a jury trial ensued.
 {¶ 4} The victim testified Duncan was her roommate's drug dealer. On the night of the rape, Duncan sold crack to the roommate. While the roommate was smoking the crack in the basement, Duncan proceeded upstairs where he found the victim on the couch and raped her. Duncan contended the sexual intercourse was consensual.
 {¶ 5} The jury found Duncan guilty of both charges. Prior to sentencing, Duncan filed a written motion for a new trial, which the trial court denied. Duncan was sentenced to six years on each count, to run concurrently.
 POST-RELEASE CONTROL {¶ 6} In his first assigned error, Duncan contends the parole board's authority, pursuant to R.C. 2967.28, to extend his sentence an additional three years for violating his post-release control, violates the United States Supreme Court's decision ofBlakely v. Washington[1] and its progeny.[2] We disagree.
 {¶ 7} Duncan contends the parole board's authority to determine if a violation of post-release control has occurred and to sentence parole violators accordingly violates his Sixth Amendment right to a jury as stated in Blakely. We conclude that, although this argument is compelling, it is not ripe for appeal.
 {¶ 8} As the Ohio Supreme Court explained:
"Ripeness `is peculiarly a question of timing.' Regional RailReorganization Act Cases (1974), 419 U.S. 102, 140,95 S. Ct. 335, 357, 42 L. Ed. 2d 320, 351. The ripeness doctrine is motivated in part by the desire `to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *.'Abbott Laboratories v. Gardner (1967), 387 U.S. 136, 148,87 S. Ct. 1507, 1515, 18 L. Ed. 2d 681, 691. As one writer has observed:
"The basic principle of ripeness may be derived from the conclusion that `judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * The prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff.' Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum.L.Rev. 867, 876."[3]
 {¶ 9} Therefore, "for a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties."[4] Generally, a claim is not ripe if the claim rests upon "future events that may not occur as anticipated, or may not occur at all."[5]
 {¶ 10} The event must be reasonably specific to be justiciable. Here, Duncan claims he might violate his post-release control. This is not reasonably specific because he might not. Consequently, his claim is not justiciable.
 {¶ 11} Additionally, to resolve his claim we would have to issue an advisory opinion. An action will not lie to obtain a judgment which is merely advisory in nature or which answers a moot or abstract question.[6] Appellate Courts are prohibited from issuing advisory opinions.[7] Thus, we decline to address the merits of this assigned error because it is not ripe and calls for an advisory opinon. Accordingly, Duncan's first assigned error is overruled.[8]
 DENIAL OF MOTION FOR NEW TRIAL {¶ 12} In his second assigned error, Duncan contends the trial court erred by denying his motion for a new trial. We disagree.
 {¶ 13} The decision whether to grant or deny a motion for new trial is within the sound discretion of the trial court.[9]
We will not reverse a trial court's denial of a motion for new trial absent an abuse of that discretion.[10] An abuse of discretion means more than a mere error of law or judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court.[11]
 {¶ 14} Crim.R. 33(A)(6) provides:
"When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given."
 {¶ 15} When a defendant fails to produce such supporting affidavits, the court, in its discretion, may summarily deny the motion.[12] In the instant case, although Duncan alleged in his motion that he discovered a new witness whose testimony would change the verdict, Duncan failed to produce an affidavit containing the witness' potential testimony.[13] Thus, we find that the trial court properly denied Duncan's motion based upon his failure to produce an affidavit as required by Crim.R. 33(A)(6).
 {¶ 16} Even if we view the witness' potential testimony as newly discovered evidence, Duncan's motion fails because he did not meet his burden. In order to prevail on a motion for a new trial based on newly discovered evidence, the offender bears the burden of demonstrating to the trial court that the new evidence:
"(1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence."[14]
 {¶ 17} The trial court in denying the motion noted:
"The defendant had ample opportunity to obtain the names of witnesses. This case was pending for over one year in my courtroom, the trial began on 5/5/04. I originally obtained this case back on May 7th of 2003."[15]
 {¶ 18} Therefore, Duncan has failed to show, that, with reasonable diligence he could not have produced the evidence at trial. Given the case was pending for over a year, Duncan had ample opportunity in which to discover the witness.
 {¶ 19} Moreover, a review of the transcript indicates Duncan was aware of this witness prior to the conclusion of trial. His attorney informed the trial court at trial that "within the last half-hour, hour" a friend of Duncan's had told him of another witness who had just been arrested and was in county jail.[16] Because the attorney had not talked to the potential witness, the trial court continued the matter so that the witness could be questioned. However, the attorney was unable to locate the witness in the county jail.
 {¶ 20} Furthermore, the person who told Duncan about the witness had appeared at every single pretrial and attended the entire trial, indicating the information regarding the witness was available prior to the end of the trial.[17] Thus, with reasonable diligence, the witness was discoverable. We conclude the trial court did not err in denying Duncan's motion for a new trial.
Accordingly, Duncan's second assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Rocco, J., concur.
[1] (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed. 2d 403.
[2] We note the imposition of Duncan's post-release control does not raise Blakely issues because it was a mandatory five-year period based on Duncan's first degree sex offense. Therefore, no fact finding was required in imposing the five-year post-release control.
[3] State ex rel. ELyria Foundry Co. v. Industrial Comm'n
(1998), 82 Ohio St.3d 88.
[4] State v. Stambaugh (1987), 34 Ohio St.3d 34, 38, citingBurger Brewing Co. v. Liquor Control Comm. (1973),34 Ohio St.2d 93, 97-98.
[5] Texas v. United States (1998), 523 U.S. 296, 300,118 S.Ct. 1257, 1259, 140 L.Ed. 2d 406, 410.
[6] Cincinnati Metropolitan Housing Authority v. CincinnatiDist. Council (1969), 22 Ohio App. 2d 39, 43.
[7] City of North Canton v. Hutchinson (1996),75 Ohio St.3d 112, 114, 1996-Ohio-170; Egan v. National Distillers ChemicalCorp. (1986), 25 Ohio St. 3d 176, syllabus; Miner v. Witt
(1910), 82 Ohio St. 237, 238, (stating that an appellate court is not required to render an advisory opinion to rule on a question of law that cannot affect matters at issue in a case); State v.Bistricky (1990), 51 Ohio St.3d 157, 158.
[8] We note that this court in State v. McCann, Cuyahoga App. No. 85657, 2006-Ohio-171, recently resolved this issue based on standing. We agree with that analysis, and add both ripeness and advisory opinions as also jurisdictional bars to his claim.
[9] State v. Matthew, 81 Ohio St.3d 375, 1998-Ohio-433, citing State v. Schiebel (1990), 55 Ohio St. 3d 71, paragraph one of the syllabus.
[10] State v. Schiebel, supra.
[11] State v. Adams (1980), 62 Ohio St.2d 151.
[12] State v. Rogers (1990), 68 Ohio App.3d 4, 7; Toledo v.Stuart (1983), 11 Ohio App.3d 292, 293.
[13] Duncan also alleged juror misconduct as grounds for granting a new trial. However, he does not pursue this argument on appeal; therefore, it will not be addressed.
[14] State v. Petro (1947), 148 Ohio St. 505, syllabus;State v. Hawkins (1993), 66 Ohio St.3d 339, 350.
[15] Tr. at 534.
[16] Tr. at 443.
[17] Tr. at 467.