OPINION
{¶ 1} This is an appeal by defendant-appellant, Terry A. Shelton, II, from a judgment of sentence and conviction entered by the Franklin County Court of Common Pleas following appellant's entry of a guilty plea to burglary and assault on a police officer.
 {¶ 2} On April 27, 2005, appellant was indicted on one count of aggravated burglary, one count of kidnapping, one count of failure to comply with an order or signal of a police officer, and one count of assault (C.P.C. No. 05CR-04-2739). On June 21, 2005, appellant entered a guilty plea to one count of burglary and one count of assault on a police officer, and the court entered a nolle prosequi as to the remaining counts. At the time of the plea, appellant was under post-release control arising out of his entry of a guilty plea, on December 14, 2000, to one count of second-degree robbery (C.P.C. No. 00CR-10-5954).
 {¶ 3} The trial court conducted a sentencing hearing on August 3, 2005. By judgment entry filed August 4, 2005, the court sentenced appellant to three years on the burglary count and ten months on the assault count, to be served consecutively with each other and consecutive to a sentence of two years and one month for violating post-release control.
 {¶ 4} On appeal, appellant sets forth the following three assignments of error for review:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN ITS SENTENCING DETERMINATION RELIED ON FACTUAL FINDINGS NEITHER FOUND BY A JURY NOR ADMITTED BY THE APPELLANT.
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED DEFENDANT TO A CONSECUTIVE SENTENCE OF TWO YEARS AND ONE MONTH UNDER R.C. 2929.141 IN VIOLATION OF THE DUE PROCESS RIGHTS OF THE DEFENDANT.
 III. THE TRIAL COURT ERRED IN IMPOSING A TWO YEAR AND ONE MONTH CONSECUTIVE SENTENCE AFTER HAVING FAILED TO PROPERLY WARN DEFENDANT IN THE PREVIOUS CASE OR ALLOWING DEFENDANT TO SPEAK ABOUT THE SANCTION BEFORE IMPOSITION OF THE SENTENCE VIOLATING HIS RIGHTS TO DUE PROCESS.
 {¶ 5} Appellant's first and second assignments of error, both raising constitutional challenges, will be considered jointly. Under his first assignment of error, appellant challenges the trial court's imposition of the two-year and one-month consecutive sentence for violating post-release control as in contravention of the United States Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531.
 {¶ 6} In response to appellant's claim of alleged Blakely error, the state argues that appellant has waived any such claim by failing to raise this issue in the trial court. We agree. This court has consistently held that "a Blakely challenge is waived by a defendant sentenced after Blakely if it was not raised in the trial court."State v. Draughon, Franklin App. No. 05AP-860, 2006-Ohio-2445, at ¶ 8. See, also, State v. Mosley, Franklin App. No. 05AP-701, 2006-Ohio-3102, at ¶ 43 (appellant, whose sentencing hearing took place afterBlakely, and who failed to object to any constitutional error in his sentencing, waived right to new sentencing hearing); State v.Thacker, Franklin App. No. 05AP-834, 2006-Ohio-3449, at ¶ 10 (same).
 {¶ 7} In the instant case, as noted by the state, appellant was sentenced more than one year after the Blakely decision was announced.[1] Thus, because appellant had the opportunity to raise the issue of Blakely error but failed to do so, he has waived the right to a new sentencing hearing.
 {¶ 8} Under his second assignment of error, appellant contends the trial court erred in imposing the two-year and one-month consecutive sentence, under R.C. 2929.141, as in violation of his due process rights. Appellant argues that Ohio's statutory scheme is unconstitutional because the length of a sentence for violating post-release control is not subject to calculation at the time of the original plea and sentencing proceedings.
 {¶ 9} Appellant, however, failed to raise this issue before the trial court and, therefore, similar to the first assignment of error, he has waived the opportunity to challenge the constitutionality of R.C. 2929.141 for the first time on appeal. See State v. Ivery, Stark App. No. 2005 CA 00270, 2006-Ohio-5548 (appellant's failure to raise issue of constitutionality of R.C. 2929.141 at trial court level resulted in waiver of this issue for purposes of appeal). See, also, State v.Awan (1986), 22 Ohio St.3d 120, 122 ("the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court"); State v. McGinnis, Medina App. No. 05CA0061-M, 2006-Ohio-2281, at ¶ 29 ("[t]he failure to raise a constitutional issue at the trial level waives the right to advance a constitutional argument at the appellate level").
 {¶ 10} We further note that Ohio courts have rejected similar challenges to R.C. 2929.141. See State v. Carles, Wood App. No. WD-05-0105, 2006-Ohio-3047, at ¶ 37 ("R.C. 2929.141 does not violate the Due Process Clauses of the United States or Ohio Constitutions");State v. Duncan, Cuyahoga App. No. 85367, 2006-Ohio-691, at fn. 2 ("no fact finding was required in imposing the five-year post-release control"). See, also, State v. Franks, Franklin App. No. 04AP-1370,2005-Ohio-5923, at ¶ 18 (rejecting Blakely argument, and holding appellant not entitled to jury trial on facts relied upon by sentencing court in imposing three-year period of post-release control where such period was part of penalty authorized by statute).
 {¶ 11} Based upon the foregoing, appellant's first and second assignments of error are not well-taken and are overruled.
 {¶ 12} Under the third assignment of error, appellant contends that the trial court erred, during the 2000 sentencing hearing, in failing to include any mention of appellant serving the remaining post-release control time for a felony conviction. Appellant argues that the trial court's actions, including the failure to provide notification of the maximum possible sentence, were in contravention of R.C. 2929.19(B)(3).
 {¶ 13} In response, the state argues that appellant was properly notified of post-release control both before his plea and at sentencing. The state cites the following exchange between the trial court and appellant at the time of appellant's sentencing hearing on December 14, 2000:
 THE COURT: You understand once you are sent to the institution, after you are released from the institution you will have a period of post-release control up to a maximum five years and you could receive more prison time if you violate conditions of post-release control. Do you also understand that?
 THE DEFENDANT: Yes.
 THE COURT: All right. I will impose a recommended sentence of four years in the state penitentiary.
 Mr. Shelton, I have to advise you a little further with respect to post-release control. If you have any problems — actually, when you get out of the institution, you're going to be on a period of post-release control. That post-release control is going to be minimum three years to a maximum of five years.
 Now, if you have any problems while you are on post-release control, violate any rules and regulations of the Department of Rehabilitations and Corrections or commit any other offenses, your post-release control could be revoked and you could serve an additional period of time in the state penitentiary up to a maximum two years for each violation.
 Do you understand the concept of post-release control?
 THE DEFENDANT: Yeah.
 THE COURT: Okay. If you commit any criminal offenses while you are on post-release control, any felony offenses, any sentence that court would impose would run consecutive with any sentences that you would be serving on post-release control.
(Tr. Dec. 14, 2000, at 4, 9-10.)
 {¶ 14} The state has supplemented the record in this case with a copy of appellant's signed entry of guilty plea in his 2000 case (C.P.C. No. 00CR-10-5954), and that form states in part:
 I understand that a violation of post-release control conditions or the condition under R.C. 2967.131 could result in more restrictive non-prison sanctions, a longer period of supervision or control up to a specified maximum, and/or reimprisonment for up to nine months. The prison term(s) for all post-release control violations may not exceed one-half of the prison term originally imposed. I understand that I may be prosecuted, convicted, and sentenced to an additional prison term for a violation that is a felony. I also understand that such felony violation may result in a consecutive prison term of twelve months or the maximum period of unserved post-release control, whichever is greater. Prison terms imposed for violations or new felonies do not reduce the remaining post-release control period(s) for the original offense(s).
 {¶ 15} The above form also contains a check mark indicating that, if the court imposes a prison term, the applicable mandatory period of post-release control is three years. We note that appellant's entry of guilty plea, signed June 21, 2005, contains the identical language cited above regarding post-release control matters. Appellant also signed a notice, dated December 14, 2000, regarding post-release control sanctions.
 {¶ 16} The Ohio Supreme Court "has required only substantial compliance with Crim. R. 11(C) with regard to nonconstitutional rights."State v. Lippert, Sandusky App. No. S-04-021, 2006-Ohio-5905, at ¶ 12, citing State v. Stewart (1977), 51 Ohio St.2d 86, 93. In this respect, a trial court's warning as to the maximum possible sentence "is considered a nonconstitutional right." Lippert, supra, at ¶ 12. Further, "`[s]ubstantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.'" Id., quoting State v. Nero
(1990), 56 Ohio St.3d 106, 108. Finally, "a defendant alleging that his plea was not knowingly, intelligently, and voluntarily made must show that his plea would not have otherwise been made in order to have the plea vacated." Lippert, supra, at ¶ 12.
 {¶ 17} It has been held that the notification requirement under R.C. 2929.19(B)(3) is satisfied "if a signed plea agreement contains language informing the defendant of those requirements[,]" and "if the record also shows that the trial court personally addressed the defendant to ensure that he understood what was contained in the plea agreement concerning post-release control and the consequences for a violation of post-release-control supervision." State v. Madaris,156 Ohio App.3d 211, 2004-Ohio-653, at ¶ 10.
 {¶ 18} This court has addressed similar arguments regarding a trial court's duty to inform a defendant of post-release control at the time a guilty plea is accepted. In State v. Duncan (Apr. 2, 1998), Franklin App. No. 97APA08-1044 ("Duncan"), the defendant (who was convicted of a second-degree felony) argued that the trial court abused its discretion in failing to notify him that a period of post-release control would be imposed following his release from prison, and that a violation of the post-release control sanction would include a prison term.
 {¶ 19} In Duncan, this court noted that a trial court "must personally inform a defendant about the critical constitutional rights that he waives by pleading guilty before it accepts the defendant's plea, and strict compliance with this provision is required." Further, the court "must also tell a defendant about other matters, such as the maximum penalty involved, before accepting the plea; however, substantial compliance with Crim. R. 11(C) will suffice when advising about these matters as long as no prejudicial effect occurs." Id.
 {¶ 20} In applying those principles, the Duncan court held that, even assuming the trial court accepted defendant's guilty plea without personally notifying him about post-release control, "this amounted only to the failure of the trial court to notify him about a nonconstitutional right" and, based upon the totality of the circumstances, there was no prejudice to defendant because the court substantially complied with Crim. R. 11(C)(2)(a). Id. The circumstances in Duncan included the fact that the guilty plea entry signed by defendant contained an explanation of post-release control, and that defendant signed a notice form also explaining post-release control. Defendant was also afforded the opportunity to ask any questions at the hearing, and he responded that he had no questions. Given those circumstances, this court concluded that defendant "knew about post-release control and the sanctions for violating it," and that the record did not demonstrate prejudice resulting from the trial court's acceptance of his guilty plea without personally notifying him about post-release control. Id.
 {¶ 21} In State v. Franks, Franklin App. No. 04AP-362, 2005-Ohio-462("Franks"), at ¶ 5, the defendant argued that the trial court failed to personally advise her at the plea hearing that she "would" be subject to a mandatory three-year post-release control period following her prison term, and that violations of post-release control "would" result in an additional prison term of up to one-half the prison time originally imposed. The defendant in Franks pled guilty to two second-degree counts of felonious assault and, prior to the plea hearing, she signed a plea agreement that "included a detailed explanation of post-release control in conformity with R.C. 2967.28(B)(2) and 2929.19(B)(3)(c) and (e)[.]" Id., at ¶ 12. At the plea hearing, the trial court told defendant that she would be subject to supervision "at least for up to three years after your release." Id., at ¶ 13. The court further informed defendant that, upon any violation, "they could return you to prison for up to nine months for each violation[,]" and upon multiple violations "you could be sentenced up to 50 percent of my original sentence." Id.
 {¶ 22} In considering the totality of the circumstances, the court inFranks, supra, at ¶ 15, found that the trial court substantially complied with Crim. R. 11 and sufficiently notified defendant of post-release control, holding in relevant part:
 * * * Defendant's contention that the trial court incorrectly informed her only that she "could" be subject to "up to three years" of post-release control is belied by the record. The transcript of the plea hearing clearly indicates that the trial court informed defendant that she "will " be supervised by the parole board for "at least up to three years" after her release from prison. Further, even if the trial court's "at least up to three years" assertion could in some way be construed as a misstatement of the law, the plea form correctly notified defendant she would be subject to post-release control for a mandatory three years after her release from prison. * * *
 {¶ 23} In State v. Amburgy, Franklin App. No. 04AP-1332,2006-Ohio-135, the defendant asserted that the trial court failed to adequately comply with Crim. R. 11 by omitting reference to post-release control during the plea colloquy. In addressing this issue, we reviewed the Duncan decision and noted that, "unlike Duncan, we find that at the plea hearing the trial court failed to make any reference to post-control release.
However, like Duncan, * * * defendant does not assert prejudice and signed a guilty plea form that explained post-control release." Id., at ¶ 14. The defendant also signed a notice form explaining post-release control, and "failed to object to the trial court's failure to make any reference to post-control release at the plea hearing or at the sentencing hearing." Id., at ¶ 17. Under these circumstances, we found that "defendant knew about post-release control and sanctions for violating post-release control." Id., at ¶ 18.
 {¶ 24} In the instant case, during the 2000 hearing, the trial court informed appellant that, upon his release from prison, "you're going to be on a period of post-release control." (Tr. Dec. 14, 2000, at 9.) The court further explained the consequences of post-release control, including the fact that, upon the commission of a felony offense while on post-release control, "any sentence that court would impose would run consecutive with any sentences that you would be serving on post-release control." (Tr. Dec. 14, 2000, at 10.) The trial court questioned appellant during the hearing, and appellant stated he understood the concept of post-release control. Appellant signed an entry of guilty plea form that explained post-release control, and he also signed a notice form similarly explaining post-release control. In considering the totality of the circumstances, we find that appellant was aware of post-release control and the consequences thereof, and we conclude that the trial court substantially complied with the requirements of Crim. R. 11(C). See Franks, Duncan, and Amburgy, supra.
 {¶ 25} Appellant also raises an allocution argument, contending that, during the 2005 sentencing hearing, he was not afforded the opportunity to speak regarding the sentence. We disagree.
 {¶ 26} Crim. R. 32(A)(1) states in part that, at the time of imposing sentence, the court shall "[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."
 {¶ 27} In the present case, the transcript of the August 3, 2005 hearing indicates that the trial court, after hearing comments from defense counsel, addressed appellant and specifically made the following inquiry: "Mr. Shelton, any comments you have? Anything you want to say?" (Tr. Aug. 3, 2005, at 4.) As noted by the state, appellant in fact spoke at the hearing in response to the court's inquiry. Upon review, we find that the court complied with the requirements of Crim. R. 32(A)(1). SeeMosley, supra, at ¶ 39-40 (trial court complied with Crim. R. 32 by explicitly extending defendant personal invitation to speak on his own behalf, inquiring: "Mr. Mosley, is there anything that you would like to say?").
 {¶ 28} Accordingly, appellant's third assignment of error is without merit and is overruled.
 {¶ 29} Based upon the foregoing, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed. Judgment affirmed.
 KLATT, P.J., and TRAVIS, J., concur.
[1] The United States Supreme Court's decision in Blakely was issued on June 24, 2004. As noted under the facts, in the instant case, appellant was sentenced on August 4, 2005.