OPINION *Page 2 
{¶ 1} Defendant-appellant Ralph Pryor appeals his conviction and sentence in the Stark County Court of Common Pleas for one count of failure to file notice of change of address of residence, a felony of the third degree, in violation of R.C. 2950.05. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On February 4, 2007, the appellant was released from prison. Appellant had a statutory duty to register his address with the Stark County Sheriff's office because he had been convicted of a sexually oriented offense. Further, appellant had a previous conviction for failing to register his address as required by law.
 {¶ 3} On February 5, 2007, the appellant met with Matthew Steuernagle from the Adult Parole Authority. The appellant notified Steuernagle that he would be residing with his cousin, Jennifer Pryor, at 1708 5th Street, Canton. Steuernagle scheduled an appointment for February 6, 2007, with the Stark County Sheriffs Department for the appellant to register his address. The appellant utilized this appointment to register the 5th Street address. The appellant met with Deputy Emery who completed the registration and signed the 2007 Registration form. Deputy John Von Spiegel testified that the registration form advised the appellant that he would be required to notify the Sheriffs Department twenty (20) days prior to changing his address. He further testified that the appellant was instructed that he would need to notify the Sheriffs Department within twenty-four (24) hours of becoming homeless.
 {¶ 4} On February 9, 2007, the appellant had a second meeting with Parole Officer Steuernagle. At that time, the appellant informed his parole officer that he was *Page 3 
staying at the Refuge of Hope homeless shelter at 300 Walnut St. N.E. Mr. Steuernagle testified that he informed the appellant that he would need to re-register at this address. Appellant did not register the address of the homeless shelter with the Stark County Sheriffs office.
 {¶ 5} On February 13, 2007, appellant was booked into the Stark County jail. During booking, appellant gave an address different from the address he had registered on February 4th. This discrepancy was relayed to Deputy VonSpiegel who then investigated the matter. He spoke with Ernest Six who works at the Refuge of Hope. Mr. Six confirmed that appellant signed into the shelter on February 7th, 8th, and 9th and that he spent the night at the shelter on February 7th and 8th. Deputy VonSpiegel then returned to the jail and spoke with appellant. Appellant admitted that he only spent one night at Jennifer's house. He further admitted that he did not notify the sheriff's office of his change of address as required.
 {¶ 6} The second, unrelated offense was alleged to have occurred while the appellant was at the Stark County Jail awaiting resolution on charges arising from the above listed facts. Donald Bennett was also residing at the Stark County Jail. He was incarcerated for Receiving Stolen Property, grand theft and vandalism.
 {¶ 7} While at the jail, appellant was out of his cell to take a shower. Donald Bennett was in his cell, but standing at the front of the cell talking to the inmate in the cell beside him. Appellant approached Bennett's cell put his arm through the bars and around Bennett's waist, and pulled Bennett tightly up against the bars. Appellant then put his hand inside Bennett's jumpsuit, rubbed his nipples and squeezed his testicles. He told Bennett he "knew him from the joint," knew he was "a fag" who liked "this kind of *Page 4 
stuff," and told him he was "sprung for a white boy." He then told Bennett he would kill him if he told the deputies and let Bennett go. Bennett immediately hit the call button in his cell to summon deputies.
 {¶ 8} Deputies Coats and McShane responded to Bennett's cellblock. They found Bennett upset and crying. He had scratches on his back. They referred Bennett to Gina Meese, a nurse at the jail. Meese examined Bennett and found that his scrotum was swollen and red, and noticed a laceration on the inside of his thigh.
 {¶ 9} Appellant was indicted for one count of notice of change of address of residence, a felony of the third degree, in violation of R.C.2950.05 and one count of gross sexual imposition, a felony of the fourth degree, in violation of R.C. 2907.05.
 {¶ 10} Before trial, the State and appellant stipulated that appellant had a previous conviction for a sexually oriented offense and a previous conviction for failing to register his address.
 {¶ 11} Appellant was acquitted of gross sexual imposition, but found guilty of notice of registration of new address. Additionally, the jury made two special findings; first that appellant had a prior conviction for a sexually oriented offense and second that appellant had previously pled guilty to or been convicted of failure to give notice of change of address.
 {¶ 12} On May 29, 2007, the Trial Court sentenced the appellant to five (5) years of incarceration. Additionally, the trial court imposed all of appellant's remaining post release control time, nine years, one hundred sixty-five days, and ordered this time to be served consecutive to his sentence for failing to register his address. *Page 5 
 {¶ 13} Appellant now appeals from the May 29, 2007, Judgment Entry, raising the following six (6) assignment of error on appeal:
 {¶ 14} "I. THE TRIAL COURT'S FINDING OF GUILT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 {¶ 15} "II. THE APPELLANT WAS DEPRIVED OF DUE PROCESS OF BY THE MISCONDUCT OF THE PROSECUTOR.
 {¶ 16} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO SEVER THE UNRELATED COUNTS OF THE INDICTMENT FOR TRIAL.
 {¶ 17} "IV. APPELLANT WAS DENIED HIS RIGHTS TO DUE PROCESS AND OF ASSISTANCE OF COUNSEL BECAUSE HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE.
 {¶ 18} "V. THE TRIAL COURT ERRED IN ADMITTING EVIDENCE WHICH WAS UNFAIRLY PREJUDICIAL AND INADMISSIBLE.
 {¶ 19} "VI. THE TRIAL COURT ERRED IN IMPOSING PAROLE TIME CONSECUTIVE TO THE STATUTORY MAXIMUM WHEN SAID PENALTY IS NOT SUPPORTED BY LAW."
 I. {¶ 20} In his first assignment of error appellant maintains that his conviction is against the sufficiency and the manifest weight of the evidence. We disagree.
 {¶ 21} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3. "While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest *Page 6 
weight challenges questions whether the State has met its burden of persuasion." State v. Thompkins (1997), 78 Ohio St. 3d 380, 390.
 {¶ 22} In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v.Jenks (1991), 61 Ohio St. 3d 259, paragraph two of the syllabus, superseded by State constitutional amendment on other grounds inState v. Smith (1997), 80 Ohio St. 3d 89.
 {¶ 23} Specifically, an appellate court's function, when reviewing the sufficiency of the evidence to support a criminal conviction, is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks, supra. This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983), 20 Ohio App. 3d 172, 175. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Thompkins, 78 Ohio St. 3d at 386.
 {¶ 24} A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. State v. Thompkins, 78 Ohio St. 3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Id. at 388. An appellate court must make every reasonable presumption in favor of the judgment and Findings of Fact of the trial court. Karches v. Cincinnati *Page 7 
(1988), 38 Ohio St. 3d 12, 19. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact." State v. demons (1998),82 Ohio St.3d 438, 444, citing State v. Jenks, 61 Ohio St.3d at 273. Therefore, this Court's "discretionary power * * * should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983), 20 Ohio App.3d 172,175; See, also, Otten, 33 Ohio App.3d at 340.
 {¶ 25} Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St. 2d 230, syllabus 1.
 {¶ 26} In State v. Thompkins (1997), 78 Ohio St. 3d 380,678 N.E.2d 541, the Ohio Supreme Court held "[t]o reverse a judgment of a trial court on the basis that the judgment is not sustained by sufficient evidence, only a concurring majority of a panel of a court of appeals reviewing the judgment is necessary." Id., paragraph three of the syllabus. However, to "reverse a judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required." Id., paragraph four of the syllabus;State v. Miller (2002), 96 Ohio St.3d 384, 2002-Ohio-4931 at ¶ 38,775 N.E.2d 498.
 {¶ 27} Appellant challenges his conviction on one count of notice of change of address of residence in violation R.C. 2950.05(A) and former R.C. 2950.05(E) (1)[1]. *Page 8 
 {¶ 28} There is no dispute that appellant is required to register his address pursuant to R.C. 2950.04. Appellant claims that he was not in violation of his requirement to register because he simply did not yet have a permanent address. R.C. 2950.05, however, addresses the possibility that a person required to register under that section may need to switch addresses or find him or herself without a permanent address. R.C. 2950.05 provides that wherever the offender finds himself staying, shall be considered his address and the offender is required to register that address with the sheriff. Appellant was therefore required to register the address of the Refuge of Hope with the sheriff's office. Further, parole officer Steuernagle testified that appellant had informed him that appellant had left Jennifer's house and was staying at the Refuge of Hope. Mr. Steuernagle advised the appellant at that time that appellant must immediately register that address with the sheriffs office. Appellant had not contacted the sheriffs office to register his address as of February 13, 2007. Further appellant acknowledged to Deputy VonSpiegel that he did not notify the sheriffs office of his change of address.
 {¶ 29} Viewing the evidence in the case at bar in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that appellant had failed to provide notice of a residence address change as required by law.
 {¶ 30} We hold, therefore, that the State met its burden of production regarding failure to provide notice of a residence address change as required by R.C. 2950.05(A) and (E) (1) and, accordingly, there was sufficient evidence to support appellant's conviction. *Page 9 
 {¶ 31} Although appellant cross-examined the witnesses and argued that he did not violate the registration statute because he did not yet have a new address to register, and further that he had kept in contact with his parole officer concerning his whereabouts, the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 32} Reviewing courts should accord deference to the trial court's decision because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections that cannot be conveyed to us through the written record, Miller v. Miller (1988),37 Ohio St. 3d 71.
 {¶ 33} In Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 81,461 N.E.2d 1273, the Ohio Supreme Court explained: "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." See, also State v.DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 34} The jury was free to accept or reject any and all of the evidence offered by the parties and assess the witness' credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence". State v. Craig (Mar. 23, 2000), Franklin App. No. 99AP-739, citing State v. Nivens (May 28, 1996), Franklin App. No. 95APA09-1236 Indeed, the jurors need not *Page 10 
believe all of a witness' testimony, but may accept only portions of it as true. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21, citing State v. Antill (1964), 176 Ohio St. 61, 67,197 N.E.2d 548.; State v. Burke, Franklin App. No. 02AP-1238, 2003-Ohio-2889, citing State v. Caldwell (1992), 79 Ohio App.3d 667, 607 N.E.2d 1096. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence.State v. Jenks (1991), 61 Ohio St. 3d 259, 574 N.E. 2d 492.
 {¶ 35} We conclude the trier of fact, in resolving the conflicts in the evidence, did not create a manifest injustice to require a new trial. Viewing this evidence in a light most favorable to the prosecution, we further conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the crime of failing to provide notice of a residence address change.
 {¶ 36} Accordingly, appellant's conviction was not against the manifest weight or sufficiency of the evidence.
 {¶ 37} Appellant's first assignment of error is overruled.
 II. {¶ 38} In his second assignment of error, appellant contends that prosecutorial misconduct resulted in reversible error. We disagree.
 {¶ 39} The prosecutor's duty in a criminal trial is two-fold. The prosecutor is to present the case for the State as its advocate and the prosecutor is responsible to ensure that an accused receives a fair trial. Berger v. U. S. (1935), 295 U. S. 78; State v. Staten (1984),14 Ohio App. 3d 197. *Page 11 
 {¶ 40} Misconduct of a prosecutor at trial will not be considered grounds for reversal unless the conduct deprives the defendant of a fair trial. State v. Apanovitch (1987), 33 Ohio St.3d 19, 514 N.E.2d 394;State v. Maurer (1984), 15 Ohio St.3d 239, 15 OBR 379, 473 N.E.2d 768. The touchstone of analysis is "the fairness of the trial, not the culpability of the prosecutor." State v. Underwood (1991),73 Ohio App.3d 834, 840-841, 598 N.E.2d 822, 826, citing Smith v. Phillips
(1982), 455 U.S. 209, 219, 102 S. Ct. 940, 947, 71 L.Ed.2d 78, 87-88. An appellate court should also consider whether the misconduct was an isolated incident in an otherwise properly tried case. State v.Keenan (1993), 66 Ohio St.3d 402, 410, 613 N.E.2d 203, 209-210;Darden v. Wainwright (1986), 477 U.S. 168, 106 S.Ct. 2464,91 L.Ed.2d 144.
 {¶ 41} Appellant did not object to the comments to which he now claims error. Therefore, for those instances, we must find plain error in order to reverse.
 {¶ 42} In U.S. v. Dominguez Benitez (June 14, 2004), 542 U.S. 74,124 S.Ct. 2333, 159 L.Ed.2d 157, the Court defined the prejudice prong of the plain error analysis. "It is only for certain structural errors undermining the fairness of a criminal proceeding as a whole that even preserved error requires reversal without regard to the mistake's effect on the proceeding. See Arizona v. Fulminante, 499 U. S. 279, 309-310
(1991) (giving examples). "Otherwise, relief for error is tied in some way to prejudicial effect, and the standard phrased as `error that affects substantial rights,' used in Rule 52, has previously been taken to mean error with a prejudicial effect on the outcome of a judicial proceeding. See Kotteakos v. United States, 328 U. S. 750 (1946). To affect "substantial rights," see 28 U. S. C. § 2111, an error must have "substantial and injurious effect or influence in determining the . . . verdict." Kotteakos, supra, at 776." *Page 12 124 S.Ct. at 2339. See, also, State v. Barnes (2002), 94 Ohio St.3d 21,759 N.E.2d 1240. See, also, State v. Fisher, 99 Ohio St.3d 127, 129, 2003-Ohio-2761
at ¶ 7, 789 N.E.2d 222, 224-225. The defendant bears the burden of demonstrating that a plain error affected his substantial rights.United States v. Olano (1993), 507 U.S. at 725,734, 113 S.Ct. 1770;State v. Perry (2004), 101 Ohio St.3d 118, 120 802 N.E.2d 643, 646. Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error and should correct it only to `prevent a manifest miscarriage of justice.'" State v. Barnes (2002),94 Ohio St.3d 21, 27, 759 N.E.2d 1240, quoting State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus.Perry, supra, at 118, 802 N.E.2d at 646.
 {¶ 43} First, appellant complains that the prosecutor in both opening statement and closing argument commented that appellant refuses to follow rules. He claims this comment was designed to mislead the jury and improperly characterize him.
 {¶ 44} Next, appellant takes issue with the prosecutor's statement in closing argument: "Your legislators, the people you sent down to Columbus to represent you, have said that there are certain offenses that a person commits that are bad enough that once you're released from prison, you have to tell us where you are living." The prosecutor then pointed out that appellant stipulated to the fact that he had been convicted of an offense that requires registration. Appellant argues that this comment was improper because the prosecutor was "utilizing the juror's inherent fear of sexual predators" to ensure a conviction.
 {¶ 45} In State v. Draughn (1992), 76 Ohio App. 3d 666,602 N.E. 2d 790, this Court stated: "[i]n opening closing argument the prosecutor is limited to comments upon *Page 13 
the evidence, and the logical and appropriate conclusions to be drawn therefrom. Thus, he can bolster his own witnesses, and conclude by saying, in effect, The evidence supports the conclusion that these witnesses are telling the truth.' He cannot say, `I believe these witnesses,' because such argument invades the province of the jury, and invites the jury to decide the case based upon the credibility and status of the prosecutor. See State v. Smith (1984), 14 Ohio St. 3d 13,14 OBR 317, 470 N.E. 2d 883. In a sense, such argument by the prosecutor injects himself into the trial as a thirteenth juror, and claims to himself the first vote in the jury room. Further, it is inappropriate for the prosecutor to vouch for the integrity of his witnesses. Id.
 {¶ 46} "As to the defense witnesses, including the defendant, the prosecutor may comment upon the testimony, and suggest the conclusions to be drawn therefrom. He can say, The evidence supports the conclusion that the defendant is lying, is not telling the truth, is scheming, has ulterior motives, including his own hide, for not telling the truth.' See State v. Strobel (1988), 51 Ohio App.3d 31, 554 N.E.2d 916. He may not say, `I believe the defendant is lying,' for the same reasons as above.
 {¶ 47} "In his rebuttal argument, the prosecutor may argue that the evidence does not support the conclusion postulated by defense counsel. He may comment upon the circumstances of witnesses in their testimony, including their interest in the case, their demeanor, their peculiar opportunity to review the facts, their general intelligence, and their level of awareness as to what is going on. He may conclude by arguing that these circumstances make the witnesses more or less believable and deserving of more or less weight. *Page 14 
 {¶ 48} "Generally the credibility of various witnesses will now have been put in issue by the argument of the defense. Considerable additional latitude is due the prosecutor at this juncture, either on fair play grounds or because the comments are invited by the defense. The prosecutor should be allowed to go as far as defense counsel. Thus, if the defense accuses witnesses of lying, the prosecutor should have the same right.
 {¶ 49} "However, the prosecutor may not invite the jury to judge the case upon standards or grounds other than the evidence and law of the case. Thus, he cannot inflame the passion and prejudice of the jury by appealing to community abhorrence or expectations with respect to crime in general, or crime of the specific type involved in the case.United States v. Solivan (C.A.6, 1991), 937 F.2d 1146". Id. at 670-71,602 N.E. 2d at 793.
 {¶ 50} Before trial appellant stipulated that he had a prior conviction for a sexually oriented offense and a prior conviction for failing to register his address. Further, appellant admitted to his parole officer that he failed to register his address as required, for the second time since 2000. Accordingly, the evidence presented at trial supported the prosecutor's characterization of appellant as a person that does not follow the rules.
 {¶ 51} The prosecutor's comments concerning the legislators simply informed the jury that the law requires persons convicted of certain enumerated offenses to register his or her address. That is the law of this State and the prosecutor argued appellant did not follow those rules. (2T. at 66-67). *Page 15 
 {¶ 52} We find no error plain or otherwise. No misconduct occurred because of the prosecutor's comments. Under these circumstances, there is nothing in the record to show that the jury would have found the appellant not guilty had the comment not been made on the part of the prosecution. State v. Benge, 75 Ohio St. 3d 136, 141, 1996-Ohio-227.
 {¶ 53} In the circumstances of the case, no prejudice amounting to a denial of constitutional due process was shown.
 {¶ 54} Appellant's second assignment of error is overruled.
 III. {¶ 55} In his third assignment of error, appellant claims that the trial court erred in failing to sua sponte sever the gross sexual imposition charge from the failing to provide notice of a residence address change charge for purposes of trial. We disagree.
 {¶ 56} At the outset, we note that appellant did not move to sever the counts for trial; nor did appellant object to the joinder of the cases for trial. Accordingly, our review is limited to finding plain error.
 {¶ 57} Crim. R. 52(B) provides that, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. In order to find plain error under Crim. R. 52(B), it must be determined, but for the error, the outcome of the trial clearly would have been otherwise, Id., at paragraph two of the syllabus. *Page 16 
 {¶ 58} In U.S. v. Dominguez Benitez (2004), 542 U.S. 74,124 S. Ct. 2333, the Court defined the prejudice prong of the plain error analysis. "It is only for certain structural errors undermining the fairness of a criminal proceeding as a whole that even preserved error requires reversal without regard to the mistake's effect on the proceeding. SeeArizona v. Fulminante, 499 U. S. 279, 309-310 (1991) (giving examples).
 {¶ 59} "Otherwise, relief for error is tied in some way to prejudicial effect, and the standard phrased as `error that affects substantial rights,' used in Rule 52, has previously been taken to mean error with a prejudicial effect on the outcome of a judicial proceeding. SeeKotteakos v. United States, 328 U. S. 750 (1946). To affect "substantial rights," see 28 U. S. C. § 2111, an error must have "substantial and injurious effect or influence in determining the . . . verdict."Kotteakos, supra, at 776." 124 S. Ct. at 2339. See, also, State v.Barnes (2002), 94 Ohio St.3d 21, 759 N.E.2d 1240. The defendant bears the burden of demonstrating that a plain error affected his substantial rights. United States v. Olano (1993), 507 U.S. at 725,734,113 S. Ct. 1770; State v. Perry (2004), 101 Ohio St. 3d 118, 120 802 N.E.2d 643,646. Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error and should correct it only to `prevent a manifest miscarriage of justice.'" State v. Barnes (2002),94 Ohio St. 3d 21, 27, 759 N.E. 2d 1240, quoting State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. Perry, supra, at 118, 802 N.E.2d at 646.
 {¶ 60} Joinder is appropriate where the evidence is interlocking and the jury is capable of segregating the proof required for each offense.State v. Czajka (1995), *Page 17 101 Ohio App.3d 564, 577-578, 656 N.E. 2d 9. Nonetheless, if it appears that a criminal defendant would be prejudiced by such joinder, then the trial court is required to order separate trials. Crim. R. 14.
 {¶ 61} When a defendant claims that he or she was prejudiced by the joinder of multiple offenses, the court must determine (1) whether evidence of the other crimes would be admissible even if the counts were severed; and (2) if not, whether the evidence of each crime is simple and distinct. State v. Schaim (1992), 65 Ohio St.3d 51, 59,600 N.E.2d 661, citing State v. Hamblin (1988), 37 Ohio St.3d 153, 158-159,524 N.E.2d 476 and Drew v. United States (C.A.D.C.,1964), 331 F.2d 85.
 {¶ 62} Crim. R. 14 governs relief from prejudicial joinder and states the following in pertinent part:
 {¶ 63} "If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint, or by such joinder for trial together of indictments, information or complaints, the court shall order an election or separate trial of counts, grant a severance of defendants, or provide such other relief as justice requires."
 {¶ 64} Crim. R. 8(A) governs joinder of offenses and states the following:
 {¶ 65} "Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct." *Page 18 
 {¶ 66} "It is well-established that the law favors joinder because the avoidance of multiple trials conserves time and expense and minimizes the potentially incongruous outcomes that can result from successive trials before different juries." State v. Glass (March 9, 2001), Greene App. No. 2000 CA 74, at 2, citing State v. Schiebel (1990),55 Ohio St.3d 71, 86-87; State v. Torres (1981), 66 Ohio St.2d 340, 343; andState v. Thomas (1980), 61 Ohio St.2d 223, 225.
 {¶ 67} Assuming, arguendo, that the evidence did not fit the "other acts" exception, it nevertheless fits the second prong of theSchaim test which requires the evidence of the crime under each indictment to be simple and distinct, 65 Ohio St. 3d at 59. In State v.Decker (1993), 88 Ohio App.3d 544, the court found that the evidence was simple and distinct. The evidence achieved these characteristics in part because the crimes involved contained different victims and different witnesses, and therefore, the jury was able to segregate the facts that constituted each crime. Decker, 88 Ohio App. 3d at 549.
 {¶ 68} In this case, the prosecution introduced evidence of each distinct crime. The evidence relating to each crime was simple and direct. Further, the jury found appellant not guilty of the gross sexual imposition charge.
 {¶ 69} We note that the trial court in the case at bar specifically instructed the jury "[t]he charges set forth in each count in the indictment constitute a separate and distinct matter. You must consider each count and the evidence applicable to each count separately and you must state your findings as to each count uninfluenced by your verdict as to any other count. The defendant may be found guilty or not guilty of any *Page 19 
one or all of the offenses charged." (2T. at 92). A jury is presumed to follow instructions given it by the court. State v. Henderson (1988),39 Ohio St. 3d 24, 528 N.E. 2d 1237.
 {¶ 70} Upon review, we fail to find undue prejudice caused by the joinder of the two counts. As we discussed in relation to appellant's first assignment of error, the evidence of appellant's guilt introduced at trial was such that there is no reasonable possibility that, if the counts were severed and tried separately they would not have found him guilty of the failing to provide notice of a residence address change charge. Accordingly, because appellant was not able to demonstrate that he was prejudiced by the joinder of claims, he cannot meet the first element of the Schaim test. Therefore, we do not need to address the remaining elements of the test.
 {¶ 71} Appellant's third assignment of error is overruled.
 IV. {¶ 72} In his fourth assignment of error, appellant argues that he was denied effective assistance of trial counsel.
 {¶ 73} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry in whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 122 L.Ed.2d 180; Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 74} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly *Page 20 
deferential. Bradley, 42 Ohio St. 3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 75} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial; a trial whose result is reliable.Strickland 466 U.S. at 687; 694, 104 S.Ct. at 2064; 2068. The burden is upon the defendant to demonstrate that there is a reasonable probability that but for counsel's unprofessional errors; the result of the proceeding would have been different. Id., Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, supra;Bradley, supra.
 {¶ 76} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quotingStrickland at 697. Accordingly, we will direct our attention to the second prong of the Strickland test.
 {¶ 77} In light of our disposition of appellant's third assignment of error, the failure of trial counsel to move to sever the counts for trial does not rise to the level of prejudicial error necessary to find that appellant was deprived of a fair trial. Having reviewed the record that appellant cites in support of his claim that he was denied effective assistance of counsel, we find appellant was not prejudiced by defense *Page 21 
counsel's representation of him. The result of the trial was not unreliable nor was the proceedings fundamentally unfair because of the performance of defense counsel.
 {¶ 78} Appellant's fourth assignment of error is overruled.
 V. {¶ 79} Appellant next complains that the admission into evidence of his signed notice of registration requirements, which indicated he was a sexual predator, was inadmissible pursuant to Evid. R. 404(B) as other acts of misconduct. Specifically, appellant argues that the State was permitted to introduce evidence of a more severe allegation than necessary in order to prove the offense of failure to provide notice of change of address. We disagree.
 {¶ 80} It is well settled that "[t]he trial court has broad discretion in the admission of evidence, and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, an appellate court should not disturb the decision of the trial court."State v. Issa (2001), 93 Ohio St. 3d 49, 64, 752 N.E.2d 904, 922;State v. Barnes, 94 Ohio St. 3d 121, 123, 2002-Ohio-68,759 N.E. 2d 1240, 1244.
 {¶ 81} However, even if the trial court erred in not redacting the sexual predator language from the judgment entry that was submitted to the jury, we must review the exclusion of this evidence under the plain error standard of Crim. R. 52(A). Crim.R. 52(A), which governs the criminal appeal of a non-forfeited error, provides that "[a]nyerror * * * which does not affect substantial rights shall be disregarded." (Emphasis added.) Thus, Crim. R. 52(A) sets forth two requirements that must be satisfied before a reviewing court may correct an alleged error. First, the reviewing court must determine whether there was an "error"-i.e., a "[d]eviation from a legal rule." UnitedStates v. Olano *Page 22 
(1993), 507 U.S. 725, 732-733, 113 S.Ct. 1770, 123 L.Ed. 2d 508. Second, the reviewing court must engage in a specific analysis of the trial court record-a so-called "harmless error" inquiry-to determine whether the error "affect[ed] substantial rights" of the criminal defendant.U.S. v. Dominguez Benitez (June 14, 2004), 542 U.S. 74, 124 S.Ct. 2333,159 L.Ed.2d 157. A so-called "[t]rial error" is "error which occurred during the presentation of the case to the jury, and which may therefore be quantitatively assessed in the context of other evidence presented in order to determine whether its admission was harmless beyond a reasonable doubt." Fulminante, 499 U.S. at 307-308, 111 S. Ct. 1246,113 L.Ed. 2d 302.
 {¶ 82} In the case at bar, appellant stipulated that he had a prior conviction for a sexually orientated offense, a felony of the second degree. [2T. at 77]. Appellant additionally stipulated that he had previously been convicted of failure to provide notice of change of address. (1T. at 65-66). Accordingly, it was not necessary to inform the jury that he had previously been adjudicated a "sexual predator" in order to prove the elements of failure to provide notice of change of address. However, under the facts of this case, appellant has not shown that he was materially prejudiced by the admission of the form. The trial court did instruct the jury that evidence regarding appellant's prior conviction was being presented because it was an element of the crime. [2T. at 87]. Further, the trial court instructed the jury that such evidence may not be considered to show appellant acted in conformity with such character. [Id.]. Finally, we note that the parties did not refer to appellant's status as a sexual predator to the jury. Accordingly, we find under the facts of this case that the admission into evidence of the signed notice *Page 23 
of registration requirements, which indicated appellant was a sexual predator, was harmless beyond a reasonable doubt.
 {¶ 83} Accordingly, appellant's fifth assignment of error is overruled.
 VI. {¶ 84} Appellant maintains, in his sixth assignment of error, the trial court erred when it imposed post release control time consecutive to the statutory maximum when law does not support said penalty. We disagree.
 {¶ 85} Appellant argues R.C. 2929.141 is unconstitutional on the basis that it violates the separation of powers doctrine, his right to due process and is void for vagueness.
 {¶ 86} "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Awan (1986),22 Ohio St. 3d 120, syllabus. Because appellant did not raise the issue of the constitutionality of R.C. 2929.141 at the trial court level, we find appellant waived this issue for purposes of appeal. State v. Ivery, 5th Dist. No. 2005CA00270, 2006-Ohio-5548 at ¶ 43;State v. Shelton, 10th Dist. No. 05 AP-927,2006-Ohio-6895 at ¶ 9.
 {¶ 87} Appellant's sixth assignment of error is overruled. *Page 24 
 {¶ 88} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
 Gwin, P. J., Wise, J., and Edwards, J., concur. *Page 25 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed. Costs to appellant.
[1] 2007 S 10, eff. 1-1-08 now designates the former (E) (1) section as 2950.05(F) (1). *Page 1